106 F.3d 400
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Billie GRIFFIN, Plaintiff-Appellant,
v.
AMERICAN MEDICAL SYSTEMS, INC., Defendant-Appellee.
 No. 95-4316.
 United States Court of Appeals, Sixth Circuit.
 Jan. 7, 1997.
 
 Before: MARTIN, Chief Circuit Judge; MERRITT and DAUGHTREY, Circuit Judges.
 MERRITT, Circuit Judge.
 
 
 1
 Plaintiff Billie Griffin brought this products liability and fraud action based on an allegedly defective penile implant manufactured by defendant American Medical Systems. The district court granted defendant's motion for summary judgment on the grounds that the claims were barred by the applicable statutes of limitations, and we agree.
 
 I.
 
 2
 On December 19, 1985, plaintiff Griffin underwent surgery for the implantation of an inflatable penile prosthesis manufactured by defendant American Medical Systems, Inc. Shortly after the surgery, the prosthesis began to inflate spontaneously. Griffin's surgeon, in consultation with defendant's agent, determined that the problem was probably due to excess hydraulic fluid in the prosthesis. On March 3, 1986, Griffin's surgeon operated to draw off some of the hydraulic fluid. Griffin continued to have pain and problems from the prosthesis. Two years later, on March 17, 1988, Griffin underwent surgery to have the implant removed.
 
 
 3
 The action currently before the Court is the third action Griffin has filed against the defendant. The first action was filed in the Lucas County, Ohio, Court of Common Pleas on July 29, 1988, against defendant, defendant's agent, and Griffin's surgeon. The complaint stated a claim against defendant's agent for negligence and against defendant for negligent design, negligent manufacture, breach of warranty, and inadequate warning. Griffin also alleged that he did not discover the "negligence and defect until March, 1988," the time of the third surgery. Griffin voluntarily dismissed the action on August 16, 1989.
 
 
 4
 Griffin filed a second action against the same defendants in the same court on August 6, 1990. The complaint was similar to the first complaint. Again, Griffin alleged that he did not discover the "negligence and defect until March, 1988." In 1993, Griffin filed a motion to dismiss defendant American Medical Systems from the second action. The court granted the motion on December 3, 1993, and expressly permitted plaintiff to refile within a year.
 
 
 5
 On November 15, 1994, Griffin filed the current action in federal court based on diversity jurisdiction. In this action, Griffin is suing only American Medical Systems. Griffin alleges claims of negligence, defective design and/or manufacture of the prosthesis, and fraud. In the current complaint, Griffin again alleged that he did not discover the "negligence and defect until March, 1988."
 
 
 6
 In the current action, defendant filed a motion for summary judgment arguing that all the claims were time barred. As part of his response to defendant's motion, Griffin provided an affidavit, dated August 13, 1995, where he claimed for the first time that he "believed" problems were caused by defects in the prosthesis in July, 1987. The district court held that Griffin's claims are time barred and granted defendant's motion for summary judgment.
 
 II.
 A. Products Liability Claims
 
 7
 Ohio Rev.Code § 2305.10 provides in pertinent part:
 
 
 8
 An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose.
 
 
 9
 Both parties agree that § 2305.10 is the statute of limitations applicable to Griffin's products liability claims. However, they disagree on the date of accrual of Griffin's cause of action.
 
 
 10
 The Ohio Supreme Court developed the "discovery rule" to delay the accrual date for statutes of limitations until the plaintiff knows or should have known he has been injured, whichever date occurs first. The Court applied the rule to delay the accrual date of § 2305.10 for latent injury cases, in which plaintiffs' injuries do not manifest themselves until years after exposure to the product. O'Stricker v. Jim Walter Corp., 4 Ohio St.3d 84 (1983). The Ohio Court of Appeals elaborated on the discovery rule by holding that a plaintiff must know or reasonably should have known that his injury was caused by defendant. Viock v. Stowe-Woodward Co., 13 Ohio App.3d 7, 12 (1983).
 
 
 11
 We are persuaded by the reasoning in Pelt v. Iolab Corp., No. 88-158, 1990 WL 25057 (Ohio App. March 7, 1990) (unpublished), which specifically addressed the accrual date for an action involving an implant. In Iolab, plaintiff had a lens implanted in her eye in November.
 
 
 12
 After the surgery, plaintiff suffered discomfort and vision problems. She sought the opinions of other doctors who informed her that the implant was too small. One doctor informed her that she had cystoid macular edema. The court held that the statute of limitations began to run in 1984, when plaintiff's first doctor sent her attorney a mailgram from the manufacturer which stated that the lens model was no longer available and that it caused a high incidence of cystoid macular edema.
 
 
 13
 Applying the reasoning of Iolab to the instant action, Griffin should have known that the prosthesis could be defective when he had the prosthesis removed. No one told Griffin that the prosthesis was defective until after the prosthesis was removed. The only explanation Griffin received from his doctor was that his problems were caused by too much fluid in the prosthesis. The removal of the prosthesis alerted Griffin that the prosthesis might be defective. In all three complaints, Griffin alleged that he discovered in March, 1988 (time of surgery to remove the prosthesis) that the cause of his injury was the defect in the prosthesis. Further, according to Griffin's response to defendant's motion for summary judgment, Griffin gave the prosthesis to his attorney after it was removed. The attorney gave the prosthesis to an expert who determined it was defective.
 
 
 14
 Griffin's claims are barred even if they accrued in March, 1988. If the cause of action accrued in March, 1988, then the original two year limitation period would have expired in March, 1990. Ohio Rev.Code § 2305.10. Griffin filed the first complaint on July 29, 1988, and voluntarily dismissed the complaint on August 15, 1989. The dismissal was well before the expiration of the original limitation period. The Ohio Savings Statute permits a plaintiff to refile an action after voluntary dismissal if the dismissal occurs after the original limitation period expired. Ohio Rev.Code § 2305.19. However, if the dismissal comes before the expiration, then the Savings Statute does not apply and plaintiff must refile before the expiration of the original limitation period. Id.; Malatesta v. Sharon Twp. Trustees, 87 Ohio App.3d 719 (1993). Because Griffin voluntarily dismissed the first action before the original limitation period expired, the Savings Statute did not apply. Therefore, Griffin could have refiled his complaint until the statute of limitations expired in March, 1990. He refiled on August 6, 1990; therefore, the second action was time barred.
 
 
 15
 On August 13, 1995, after defendant explained the Savings Statute in its motion for summary judgment, Griffin conveniently filed a conclusory and self-serving affidavit alleging that he believed that his injury was caused by defects in the prosthesis in July, 1987. If Griffin's claim accrued in July, 1987, then he could invoke the Savings Statute to file his second complaint. The second complaint was dismissed by court order stipulating that it could be refiled within a year; therefore, this action would have been timely filed.
 
 
 16
 Griffin's affidavit declaring that he discovered the defect in the prosthesis in July, 1987 contradicts his previous allegations, his arguments on appeal, and his doctor's deposition testimony. In all three complaints, Griffin alleged that he knew of the defect in March, 1988. In his appellate brief, Griffin argues vehemently that the district court's decision is unreasonable and unfair because it requires Griffin to know the cause of his injury on March 3, 1986, when even his doctor did not know the cause. In support of this argument, Griffin attached a portion of his doctor's deposition stating that the doctor never knew the cause of Griffin's injury. Despite this record, Griffin now asserts that he believed that the prosthesis was defective in July, 1987.
 
 
 17
 In Biechele v. Cedar Point, Inc., 747 F.2d 209, 215 (6th Cir.1984), we disregarded a self-serving and conclusory affidavit for the following reason:
 
 
 18
 If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit that contradicts his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact.
 
 
 19
 Id. In the current action, Griffin first filed a complaint against defendant over seven years ago. Yet, the only evidence he can show the court that he discovered the prosthesis was defective in July, 1987 is an affidavit written on August 13, 1995. Conveniently, the affidavit was written only after defendant explained why Griffin's claims are barred even if he discovered the prosthesis was defective in March, 1988. We apply the reasoning in Biechele to disregard the portion of Griffin's affidavit stating that he discovered the defect in the prosthesis in July, 1987.
 
 
 20
 We find that the accrual date for the statute of limitations was March, 1988. As already discussed, Griffin's claims are barred under the March, 1988 accrual date.
 
 B. Fraud Claim
 
 21
 Defendant argued in its motion for summary judgment that Griffin's fraud claim is barred by Ohio's four-year statute of limitations. Ohio Rev.Code § 2305.09. Griffin argued that he raised the claim in his July, 1988 complaint. The district court held that under Ohio Civil Rule 9(B), Griffin's 1988 and 1990 complaints had failed to sufficiently allege defendant's mental state, an element of fraud under Ohio law. On appeal, Griffin argues that he had sufficiently apprised defendant of his fraud claim.
 
 
 22
 The 1988 and 1990 complaints allege claims of products liability and negligence against defendant and defendant's agent and breach of fiduciary duty and malpractice against Griffin's doctor. Griffin's attempts to save his fraud claim are based on picking and choosing sentence fragments from within his products liability and breach of fiduciary duty claims. Neither complaint alleges fraud by defendant. Therefore, we affirm the district court's finding that the statute of limitations bars plaintiff's fraud claim.
 
 
 23
 Accordingly, for the reasons stated above, we AFFIRM the decision of the district court that the products liability and the fraud claims are barred by the applicable statutes of limitations.