RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0154P (6th Cir.)
File Name: 04a0154p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

JOHN L. HORTON,
    *Plaintiff-Appellant,*

*v.*

No. 02-2147

JOHN E. POTTER, Postmaster
General,
    *Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 00-70744—John Corbett O'Meara, District Judge.

Submitted: January 27, 2004

Decided and Filed: April 13, 2004[*]

Before: MARTIN, RYAN, and MOORE, Circuit Judges.

---

[*] This decision was originally issued as an "unpublished decision" filed on April 13, 2004. On May 11, 2004, the court designated the opinion as one recommended for full-text publication.

---

## COUNSEL

**ON BRIEF:** Lynn H. Shecter, Brian P. Swanson, ROY, SHECTER & VOCHT, Bloomfield Hills, Michigan, for Appellant. Peter A. Caplan, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee.

---

## OPINION

---

RYAN, Circuit Judge. The plaintiff, John L. Horton, alleges that his former employer, the U.S. Postal Service, discriminated against him in violation of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701-796 (1999), by failing to accommodate his mental disability. The district court granted summary judgment in favor of the Postmaster General on the ground that the plaintiff failed to timely invoke his administrative remedies. We **AFFIRM**.

### I.

Horton, a disabled Vietnam veteran, worked as a United States Postal Service employee from 1980 to November 1992. On November 14, 1991, while Horton was working at the Royal Oak, Michigan, Post Office, Thomas McIlvaine, a military veteran and former Postal Service employee, entered the building and shot and killed several employees. Two days later, on November 16, 1991, Horton was transferred to the first in a series of temporary assignments at other postal facilities in southeast Michigan. Horton claimed that the trauma of the shooting, in combination with the temporary assignments, aggravated his symptoms of post-traumatic stress disorder. He left work on disability leave in November 1992.

On May 19, 1993, approximately six months after having last worked for the Postal Service, Horton contacted an equal employment opportunity (EEO) counselor, alleging acts of employment discrimination occurring as late as May 6, 1993. On May 6, Thomas Newman, the Director of the Royal Oak Management Sectional Center, had made a public statement in apparent reference to both the Royal Oak shooting and a more recent, unrelated shooting at a post office in Dearborn, Michigan. Newman allegedly said: "[M]anagement obviously didn't change as fast as I did in Royal Oak."

On December 15, 1993, the Postal Service's EEO department informed Horton that mediation efforts had failed and that he could elect to file a formal administrative EEO complaint within 15 days. Horton's attorney mailed the formal complaint on December 23, 1993, but it was never received. When Horton refiled his formal complaint on April 7, 1994, the Postal Service's EEO department dismissed it as untimely under the 15-day formal complaint rule. In a subsequent lawsuit, *Horton v. Runyon*, No. 96-74023 (E.D. Mich. June 17, 1997) (unpublished), the federal district court ordered that the formal complaint be accepted as having been timely filed under the doctrine of equitable tolling. On November 15, 1999, the Postal Service informed Horton that because mediation efforts had failed and more than 180 days had passed without final agency action, he could elect to file suit in federal district court.

Horton filed a complaint in federal district court, alleging that his employer violated the Rehabilitation Act of 1973, 29 U.S.C. §§ 701-796, by failing to accommodate his mental disability. The district court granted summary judgment in favor of the Postmaster General because Horton had not timely invoked mandatory administrative remedies. The district court denied Horton's motion to reconsider. Horton appeals both the district court's order granting summary judgment and its order denying his motion to reconsider the same.

## II.

This court reviews a district court's grant of summary judgment *de novo*. *Mahon v. Crowell*, 295 F.3d 585, 588 (6th Cir. 2002). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party discharges its burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden of production, the nonmoving party must "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. In reviewing the district court's grant of summary judgment, this court draws all justifiable inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

This court typically reviews a district court's order denying a motion to reconsider for an abuse of discretion. *Sommer v. Davis*, 317 F.3d 686, 691 (6th Cir.), *cert. denied*, 124 S. Ct. 155 (2003). However, when the district court denies a motion to reconsider an order granting summary judgment, the standard of review is *de novo*. *Id.*

## III.

Summary judgment was proper in this case because, as the district court correctly held, Horton failed to timely exhaust his administrative remedies. When Congress authorized federal employees to sue the federal government for violation of the civil rights laws, it conditioned such authorization on the "plaintiff's satisfaction of 'rigorous administrative

exhaustion requirements and time limitations.'" *McFarland v. Henderson*, 307 F.3d 402, 406 (6th Cir. 2002) (quoting *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 833 (1976)). One of these requirements is that the "aggrieved person must initiate contact with a[n EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1) (2003). Timely contact with an EEO counselor is an administrative remedy that a federal employee must invoke before he may bring a claim of employment discrimination in federal district court. *Benford v. Frank*, 943 F.2d 609, 612 (6th Cir. 1991). If an employee fails to comply with the 45-day limitation period, the agency must dismiss the entire complaint. 29 C.F.R. § 1614.107(a)(2) (2003).

In his complaint, Horton alleged that the Postal Service failed to accommodate his mental disability by refusing to promote him, transfer him, or provide him with adequate counseling, all of which are discrete discriminatory acts. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). In the case of an employee who claims to be the victim of a "discrete discriminatory act," the limitation period for bringing such charge begins to run from the date on which the act occurred. *Id.* at 113. The latest date on which Horton could have suffered a discrete act of discrimination was in November 1992, when he ceased working for the Postal Service. *See id.*

In his reply brief, Horton urges this court to construe his request for counseling as having alleged a hostile work environment and, therefore, having stated a continuing violation that was ongoing within 45 days of Horton's initial contact with the EEO counselor. Even assuming that Horton did allege a hostile work environment in his request for counseling, he failed to allege it in his complaint or in his motion asking the district court to reconsider its order granting summary judgment. Since Horton raises this issue for the first time on appeal and therefore did not give the

district court an opportunity to consider it, we decline to address it now. *See City of Detroit v. Simon*, 247 F.3d 619, 630-31 (6th Cir. 2001).

Nevertheless, Horton has failed to identify a discriminatory act contributing to a continuing violation that occurred within 45 days of his request for counseling. Horton alleges that Thomas Newman's statement of May 6, 1993, contributed to a hostile work environment, thereby establishing a continuing violation that was ongoing within 45 days of his request for counseling. However, as the district court held, Newman's statement that "management [at the Dearborn post office] obviously didn't change as fast as I did in Royal Oak," was at best a criticism of the management at the Royal Oak post office, not a discriminatory act against Horton.

Horton has identified neither a discrete discriminatory act nor an act contributing to a continuing violation that occurred within the 45-day period prior to his first contact with the EEO counselor. Therefore, the district court was justified in holding that Horton failed to exhaust his administrative remedies and it properly granted summary judgment in favor of the Postmaster General.

## IV.

Nor are we persuaded that the Postmaster General waived any objection to the untimeliness of Horton's request for counseling by not raising this defense at the administrative stage.

The requirement that a federal employee initiate contact with an EEO counselor within 45 days of the alleged discrimination is not a jurisdictional prerequisite. *McFarland*, 307 F.3d at 406. As such, it is subject to waiver, estoppel, and equitable tolling. *Id.* Five of our sister circuits have held that when an agency accepts and investigates a complaint of discrimination, as the Postal Service did in this case, it does not thereby waive a defense that the complaint

was untimely. *See Belgrave v. Pena*, 254 F.3d 384, 387 (2d Cir. 2001); *Ester v. Principi*, 250 F.3d 1068, 1072 n.1 (7th Cir. 2001); *Bowden v. United States*, 106 F.3d 433, 438 (D.C. Cir. 1997); *Rowe v. Sullivan*, 967 F.2d 186, 191 (5th Cir. 1992); *Boyd v. U.S. Postal Serv.*, 752 F.2d 410, 414 (9th Cir. 1985). Rather, waiver occurs when the agency decides the complaint on the merits without addressing the untimeliness defense. *Ester*, 250 F.3d at 1071-72; *Bowden*, 106 F.3d at 438.

When Horton had his initial interview with the EEO counselor on May 19, 1993, he completed a form entitled "EEO Request for Counseling" in which he alleged discriminatory acts occurring less than two weeks before on May 6, 1993. On the face of his request for counseling, therefore, it was not apparent that Horton had failed to initiate contact with the EEO counselor within the 45-day time period mandated by 29 C.F.R. § 1614.105(a)(1). It was not until discovery had taken place at the district court level that the Postal Service became aware that no discriminatory act occurred on May 6, 1993, and that Horton's complaint was, therefore, untimely. The procedural posture of the case, as recounted by the district court, gave the Postal Service no earlier opportunity, at the administrative level, to adjudicate Horton's claim on the merits and discover the basis for the untimeliness defense.

Horton, in effect, urges this court to hold that upon receiving and investigating his complaint of discrimination, but before considering it on its merits, the Postal Service waived all affirmative defenses in the subsequent lawsuit. Besides conflicting with the reasoning of our sister circuits, such a holding would remove any incentive for government agencies to investigate and remedy instances of discrimination. We hold that the Postal Service did not waive the defense of an untimely request for counseling merely by receiving and investigating Horton's complaint of discrimination.

## V.

Finally, there is no evidence to support Horton's claim that the Postmaster General waived the untimeliness defense by not raising it as an affirmative defense in the previous lawsuit, *Horton v. Runyon*, No. 96-74023.

A response to a pleading must set forth any matter constituting an affirmative defense. Fed. R. Civ. P. 8(c). Failure to plead an affirmative defense in the first responsive pleading to a complaint generally results in a waiver of that defense. *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988). With respect to the affirmative defense that a plaintiff's claim is barred by the statute of limitations, "[i]t is of no importance that a party and/or his counsel were unaware of a possible statute of limitations defense." *Id.*

In his motion for summary judgment in the district court, the Postmaster General "'show[ed]' . . . that there [was] an absence of evidence to support" Horton's claim that the Postmaster General waived the untimeliness defense in the first lawsuit. *See Celotex*, 477 U.S. at 325. The burden then shifted to Horton to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324.

Based on the record, it is unclear whether the Postmaster General waived the untimeliness defense in Horton's first lawsuit, *Horton v. Runyon*, No. 96-74023. While the district court in this case held that the Postmaster General did not waive the untimeliness defense at the administrative level, its opinion is silent on the issue of any waiver that may have occurred in the first lawsuit. None of the pleadings from that lawsuit appears in the joint appendix and the parties dispute whether a waiver of the defense actually occurred at that time. Accordingly, with respect to the issue of waiver of the untimeliness defense in the first lawsuit, Horton has failed to

designate specific facts showing that there is a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

## VI.

Horton has failed to show that there is a genuine issue of material fact as to whether he timely contacted an EEO counselor. Nor has he demonstrated a valid basis for finding that the Postmaster General waived this defense. Accordingly, we **AFFIRM** the district court's orders granting summary judgment and denying Horton's motion to reconsider.