SILER, Circuit Judge.
Suzanne K. Dunn filed a product liability suit against Ethicon, Inc.,[1] in Ohio state court. After Ethicon removed the case to federal court, the district court granted Ethicon’s motion for summary judgment finding that the statute of limitations had expired. Dunn claims that the district court incorrectly determined when the statute started to run. We REVERSE and REMAND for further proceedings.
I.
In September 1999, Dunn underwent a hysterectomy at the University of North Carolina Hospital and her surgeon allegedly used absorbable Vicryl sutures manufactured by Ethicon to close Dunn’s vaginal cuff. Her physicians allegedly informed Dunn that she might experience bladder problems and other complications from the surgery. Dunn did, in fact, experience such problems. In January 2001, she was referred to Dr. Patrick J. Shenot, a neurourologist when a physician determined that she might have suture material in her bladder. On February 9, 2001, Dr. Shenot performed a flexible cystoscopy and a vaginoscopy, during which he found multiple sutures in Dunn’s bladder wall, including one that was looping out of the bladder, extending into the vaginal wall, causing a fistula, or opening, between the bladder and vagina. Dr. Shenot stated that Dunn’s incontinence was probably due, in part, to the fistula, but he noted that her symptoms could have been caused by the hysterectomy itself.
On February 15, 2001, Dr. Shenot removed the suture causing the fistula, but left others that were embedded in the *541 bladder wall. At first, her symptoms had significantly improved, but by September 2001, she again reported increased urgency and incontinence. Cystograms performed in October 2001 revealed no new information. Dr. Shenot maintains that although Dunn told him that the original sutures used in her hysterectomy were supposed to be absorbed by the body, he never formed an opinion or told her that they were defective. In fact, he stated that it is difficult for even a physician to identify a defective suture.
On August 18, 2002, Dunn was treated by Dr. Anthony J. Raimonde for what appeared to be a bowel obstruction. He performed a laparotomy and removed a suture from her bowel. Dunn maintains that after this second complication from the hysterectomy, she began to suspect that something was wrong with the sutures. Before that time, she claims that she felt all her bladder problems were simply normal, but unfortunate, side-effects of the hysterectomy. She filed the instant products liability action in the Summit County Court of Common Pleas on April 1, 2003, alleging that the sutures used in her hysterectomy were defective because they failed to properly dissolve and absorb. After removal, the district court granted summary judgment for Ethicon on the ground that Dunn’s claims were time-barred by Ohio’s two-year statute of limitations.
II.
We review the district court’s grant of summary judgment de novo. Horton v. Potter, 369 F.3d 906, 909 (6th Cir.2004) (citation omitted). Summary judgment is proper “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Fed. R. Civ. P. 56(c).
Under Ohio law, a products liability action for bodily injury “shall be brought within two years after the cause of action accrues.” Ohio Rev.Code Ann. § 2305.10(A) (West 2005). The Ohio Supreme Court developed the discovery rule in product liability cases to delay the accrual date for statutes of limitations until the plaintiff knows or should have known she was injured. O’Strieker v. Jim Walter Corp., 4 Ohio St.3d 84, 447 N.E.2d 727 (1983). The discovery rule involves a two-prong test, and the plaintiff must show that she (1) knows or reasonably should have known that her injury was (2) caused by the defendant in order to trigger the statute of limitations. Viock v. Stowe-Woodward Co., 13 Ohio App.3d 7, 467 N.E.2d 1378, 1384 (1983). Additionally, we have held that a plaintiff must be “alerted” to the fact that an implanted medical device is defective. Griffin v. Am. Med. Sys., 106 F.3d 400, 1997 WL 6131, at *2 (6th Cir. Jan. 7, 1997) (holding that the statute of limitations for a defective prosthesis begins to run as of the day it needed to be removed).
In the case at hand, Dunn was not alerted to the fact that the sutures might be defective until she was diagnosed with having suture material in her bowels. Up to that point, all of her symptoms were bladder-related problems which she thought were normal side-effects of the hysterectomy. Even after she learned in February 2001 that her incontinence was likely due to a suture from her first surgery, she still had no reason to suspect that the presence of this suture was anything other than the bladder problems about which she had been informed. Furthermore, Dr. Shenot did not discuss with her the possibility that the sutures were defective. In fact, he stated that there was no reason why she *542 would have known that the sutures were defective.
However, Dunn was alerted to possibility that the sutures were defective in August 2002 when she learned that her bowel troubles were also caused by the sutures. See Lundy v. Lederle Labs., 54 Ohio App.3d 192, 561 N.E.2d 1027, 1032 (1988) (“[W]hen a person discovers the causal relationship between a physical injury and the use of a product ... [she] may infer a defective or negligently manufactured product, unless the physical injury is known and anticipated to be the natural and probable result of the use of the product.”) (emphasis added) (quoting Barker v. A.H. Robins Co., 1985 WL 9826, at *6 (Ohio CtApp. Jan. 17,1985)). At the point when Dunn experienced intestinal, rather than bladder, problems, she should have been aware of her duty to investigate and determine whether the sutures were defective. Accordingly, the two-year statute of limitations did not begin to run until August 2002 and Dunn’s claim, filed in April 2003, was timely.
We reject Ethicon’s suggestion that we should utilize the “cognizable event” for medical malpractice claims in this case. See Flowers v. Walker, 63 Ohio St.3d 546, 589 N.E.2d 1284, 1285 (1992). Under this test, “[t]he occurrence of a ‘cognizable event’ imposes upon the plaintiff the duty to (1) determine whether the injury suffered is the proximate cause of malpractice and (2) ascertain the identity of the tortfeasor or tortfeasors.” Id. at 1285. Constructive knowledge of facts, rather than actual knowledge of their legal significance, is enough to trigger the statute and put the plaintiff on notice to investigate the claim. Id. at 1287. In Flowers, the Ohio Supreme Court suggested that this test could be used in product liability claims. Id. at 1288. Even if we were to utilize the “cognizable event” test, for the reasons stated above, Dunn did not become aware of her injury until she experienced intestinal problems, triggering the statute in August 2002. See Akers v. Alonzo, 65 Ohio St.3d 422, 60S N.E.2d 1, 3-4 (1992) (“While Flowers ... holds that the occurrence of the cognizable event imposes a duty of inquiry on the plaintiff, it does not hold that the plaintiff has a duty to ascertain the cognizable event itself.”). Accordingly, Dunn’s complaint was timely filed.
Because we reverse this case, it is unnecessary to decide whether the statute of limitations was applied unconstitutionally. Additionally, we shall refrain from deciding the merits because those issues were not ruled upon below. See Perez v. Aetna Life Ins. Co., 150 F.3d 550, 554-55 (6th Cir.1998).
REVERSED and REMANDED.

. Ethicon, Inc., is a wholly owned subsidiary of Johnson & Johnson, which Plaintiff also named as a defendant in her complaint. Edición designs and manufactures the Vicryl brand sutures. Owens & Minors Distribution, Inc., a distributor and supplier of Vicryl brand sutures, was also named as a defendant in Plaintiff's complaint. Hereinafter, "Ethicon’' will be used to refer to all of the defendants unless otherwise indicated.