09-3990-cv
Lanham v. Shinseki

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of November, two thousand and ten.

Present:     BARRINGTON D. PARKER,
             ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
                     *Circuit Judges*.

_____

KIM E. LANHAM,

                                    *Plaintiff-Appellant*,

             -v-                                    09-3990-cv

GORDON H. MANSFIELD, SECRETARY, VETERAN'S AFFAIRS,

                                    *Defendant*,

ERIC K. SHINSEKI,

                                    *Defendant-Appellee*.

_____

Appearing for Appellant:     John R. Williams, New Haven, CT

Appearing for Appellee:     David C. Nelson, Assistant United States Attorney (David B. Fein, United States Attorney for the District of Connecticut, Sandra S. Glover, of counsel, *on the brief*), Hartford, CT

Appeal from the United States District Court for the District of Connecticut (Arterton, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Kim Lanham appeals from the June 4, 2009 decision and order of the United States District Court for the District of Connecticut, granting defendants' motion for summary judgment. *Lanham v. Shinseki*, 662 F. Supp. 2d 238, 242-43 (D. Conn. 2009). The district court determined that Lanham, who alleged gender and race discrimination, failed to timely exhaust her administrative remedies before pursuing her federal court complaint. *Id.* We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

A federal employee wishing to challenge a federal action as discriminatory must begin the administrative review process within 45 days of the alleged discriminatory act. 29 C.F.R. § 1614.105(a). Here, Lanham applied for a promotion. She received an interview, but was not selected. Instead, the position went to a Caucasian male. Veteran's Affairs mailed plaintiff a letter on May 9, 2006, stating: "You were qualified and referred for consideration, but not selected . . . . The following qualified candidate from outside the VA was selected . . ."

On June 30, 2006, Lanham complained to an equal opportunity counselor, and followed up by filing an administrative complaint shortly thereafter with the VA's Office of Resolution Management, alleging gender and race discrimination. The parties agree Lanham's first contact came 47 days after the effective date of successful candidate's hire. Lanham's complaint proceeded through the various levels of administrative review until November 14, 2007,when the VA's Office of Employment Discrimination Complaint Adjudication issued a Final Agency Decision ("Final Decision").

Lanham advances two arguments on appeal: (1) that the government is estopped from raising her failure to timely exhaust her administrative remedies because Veteran's Affairs conducted a full and complete investigation into her complaint without ever addressing the issue of timeliness; and (2) the government waived its timeliness argument by failing to plead it as an affirmative defense in its answer.

Both arguments fail. A government agency does not waive a defense of failure to timely exhaust administrative remedies by accepting and investigating a complaint. *Belgrave v. Pena*, 254 F.3d 384, 386 (2d Cir. 2001). A timeliness objection is only waived where an agency makes "a specific finding that the claimant's submission was timely." *Id.* (quoting *Rowe v. Sullivan*, 967 F.2d 186, 191 (5th Cir. 1992)). It is undisputed that no findings regarding timeliness were included in the Final Decision, thus the government did not waive its timeliness argument.

As to Lanham's argument that the government waived its untimely exhaustion defense by failing to plead it in its answer, Lanham has waived that argument by not raising it below. While we have discretion to review issues raised for the first time on appeal "where necessary to avoid

manifest injustice or where the argument presents a question of law and there is no need for additional factfinding," *Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006) (citation omitted), we see no reason to exercise that discretion here.  Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3