**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0376n.06

Case No. 13-3964

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
May 20, 2014
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| JOHN HOPKINS; GREGG BOYLES, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| KEVIN M. CHARTRAND, Individually and as | ) | DISTRICT OF OHIO |
| Geauga County Coroner, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | O P I N I O N |

BEFORE:     COLE and SUTTON, Circuit Judges; CLELAND, District Judge.[*]

COLE, Circuit Judge.   John Hopkins and Gregg Boyles appeal the grant of summary judgment in this Fair Labor Standards Act ("FLSA") overtime-pay dispute.  Hopkins and Boyles served as investigators for the Geauga County Coroner.  After the county eliminated their positions due to financial constraints, Hopkins and Boyles filed suit in federal court alleging that the county failed to pay them overtime wages as required under the FLSA and Ohio law.  The district court granted summary judgment to the coroner on this claim.  Because the coroner's belated assertion of an affirmative defense under the FLSA precluded the investigators from

---

[*]The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

conducting meaningful discovery on their claim, we reverse the grant of summary judgment and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

### A. Factual Background

Hopkins and Boyles served as full-time investigators for the Geauga County Coroner's Office for the better part of the last decade. During the course of their employment, both men received an annual salary that the county distributed in bi-weekly paychecks based upon an eighty-hour pay period. As full-time investigators, they worked in the coroner's office during regular business hours but also were responsible for responding to the scene when deaths occurred during non-business hours. These duties regularly required both men to work in excess of forty hours per week, but the county did not provide them with overtime compensation. Indeed, the coroner never undertook any investigation to determine whether his employees were entitled to overtime; instead, he merely paid them their bi-weekly salaries, as his predecessor had done, under the assumption that the investigators were not entitled to overtime.

Hopkins's and Boyles's duties included the following: responding to death calls, processing the scene of a death, interviewing family members or witnesses, taking responsibility for the bodies of the deceased, taking photographs and collecting evidence, and documenting their findings for the coroner's report. In short, they were responsible for conducting investigations and compiling the appropriate investigative paperwork for the coroner's reports. Additionally, both men were responsible for ensuring the security of the coroner's office. Hopkins, who served as "Chief Investigator," also performed certain clerical duties, including preparing financial reports and yearly budgets for the coroner to review; paying the office's bills; dealing with vendors; keeping statistics and entering data; and handling personnel matters, such

as supervising the activities of other investigators, training new employees, and signing off on various work records. Boyles's duties also involved managing the evidence room.

During the late 2000s, Geauga County experienced declining revenues and related budgetary shortfalls. Accordingly, the Board of County Commissioners informed Chartrand in the fall of 2010 that he should consider defunding the investigators' positions. Shortly after, Chartrand notified the investigators that the county was abolishing their positions due to the downturn in the economy and related budgetary restrictions. The layoffs went into effect on February 28, 2011.

## B. Procedural Background

Believing that they were classified civil servants and therefore protected from the layoffs in question, Hopkins and Boyles filed this action against Chartrand in federal district court in November 2011. They alleged violations of the FLSA and the Family and Medical Leave Act, as well as supplemental state-law claims for breach of contract and wrongful termination in violation of public policy. On appeal, Hopkins and Boyles challenge only the district court's grant of summary judgment on Count IV of their complaint, which alleged that Chartrand violated the FLSA's overtime requirements and a companion provision from Ohio Revised Code § 4111.03(A), which provides that employers have the same state-law obligations to pay overtime as mandated by the FLSA.

Chartrand answered the complaint on December 14, 2011, and denied that Hopkins and Boyles were eligible to receive overtime pay under the FLSA and Ohio law. He also raised the following affirmative defense: "Defendant has complied with the Fair Labor Standards Act (FLSA) and all applicable amendments." Chartrand's answer did not, however, specifically

reference any of the overtime-pay exemptions contained in the FLSA or expressly assert that Hopkins and Boyles were exempt employees.

At the close of discovery, the parties filed cross-motions for summary judgment. Hopkins and Boyles noted that the FLSA's overtime exemptions, set forth in 29 U.S.C. § 213, are affirmative defenses that Chartrand had not specifically pleaded in his answer. Therefore, they argued that Chartrand had forfeited the benefit of those exemptions and that they were entitled to judgment as a matter of law.

Chartrand filed his motion for summary judgment the same day. Despite not pleading the statutory overtime exemptions in his answer, he argued that both Hopkins and Boyles were exempt from the FLSA's overtime wage requirements as bona fide "administrative" employees. *See* 29 U.S.C. § 213(a)(1). In addition, Chartrand argued that Hopkins, who served as Chief Investigator, also was exempt as a bona fide "executive" employee. *See id.*

A month later, Chartrand filed a motion "to clarify and/or amend" his answer with specific reference to both the administrative and executive exemptions set forth in § 213(a)(1). Hopkins and Boyles objected, arguing that such a belated amendment would prejudice them given the fact-intensive nature of the FLSA exemptions and their inability to develop the record. The district court granted Chartrand's motion to amend in a marginal entry order, and Chartrand amended his answer the following day.

On July 18, 2013, the court granted Chartrand's motion for summary judgment with respect to the plaintiffs' FLSA claim. *Hopkins v. Chartrand*, No. 1:11 CV 2558, 2013 WL 3787596, at *7 (N.D. Ohio, July 18, 2013). The court concluded that both investigators qualified as exempt administrative employees under the FLSA's implementing regulations. *Id.* at *6–7

(citing 29 C.F.R. § 541.200(a)(1)–(3)). The court did not, however, pass upon Chartrand's argument that Hopkins also qualified under the executive-employee exemption. *Id.*

### C. The Instant Appeal

Hopkins and Boyles timely appealed. They first argue that the district court abused its discretion by permitting Chartrand to amend his answer to include specific reference to the FLSA's statutory exemptions. Hopkins and Boyles next argue that even if the amendment were proper, the district court erred in determining, at this stage of the proceedings, that they were exempt from the FLSA's overtime-pay requirements.

## II. JURISDICTION

The district court had jurisdiction over the FLSA claims under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The district court had supplemental jurisdiction over the state-law overtime claims under 28 U.S.C. § 1367. We have jurisdiction over this appeal under 28 U.S.C. § 1291.

## III. ANALYSIS

We review for abuse of discretion a district court's decision to allow a party to amend a pleading under Federal Rule of Civil Procedure 15(a). *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). We review de novo a district court's grant of summary judgment. *Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 837 (6th Cir. 2002). Summary judgment is proper only when there is no genuine dispute as to a material question of fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the burden of proof on both points. *Vaughn v. Lawrenceburg Power Sys.*, 269 F.3d 703, 710 (6th Cir. 2001). In determining whether this standard is met, we "view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences

in its favor." *Crouch v. Honeywell Int'l, Inc.*, 720 F.3d 333, 338 (6th Cir. 2013). "Before ruling on a summary judgment motion, the district court must afford the parties adequate time for discovery, in light of the circumstances of the case." *Id.*

## A. Chartrand's Motion to Amend and the Administrative-Employee Exemption

Hopkins and Boyles first argue that Chartrand forfeited reliance on the FLSA's overtime-pay exemptions by not specifically raising them in his answer and that the district court abused its discretion by granting Chartrand's belated motion to clarify or amend. We agree in part because the district court granted summary judgment without affording additional discovery.

The overtime-pay exemptions set forth in 29 U.S.C. § 213 are affirmative defenses that defendants must prove. *Franklin v. Kellogg Co.*, 619 F. 3d 604, 611 (6th Cir. 2010). As such, defendants must generally claim an exemption in their first responsive pleading or we will consider the defense forfeited. *See* Fed. R. Civ. P. 8(c); *Horton v. Potter*, 369 F.3d 906, 911 (6th Cir. 2004). The purpose of Rule 8(c)'s pleading requirement is to give the opposing party notice of the defense and a chance to rebut it. *Mickowski v. Visi-Trak Worldwide, LLC*, 415 F.3d 501, 506 (6th Cir. 2005). To be sure, Chartrand's answer failed to cite with specificity the overtime exemptions upon which he relied in his motion for summary judgment.

Nevertheless, the "failure to raise an affirmative defense by responsive pleading does not always result in [forfeiture] of the defense—such as, when the plaintiff receives notice of the affirmative defense by some other means." *Seals v. Gen. Motor Corp.*, 546 F.3d 766, 770 (6th Cir. 2008). As a practical matter, courts may excuse the general rule of forfeiture when amendment is proper under Federal Rule of Civil Procedure 15(a). *Id.* (citing *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994)). Under Rule 15(a), courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). This rule "reinforces the

principle that cases should be tried on their merits rather than the technicalities of pleadings, and therefore assumes a liberal policy of permitting amendments." *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 937 (6th Cir. 2004) (brackets, citations, and internal quotation marks omitted).

In determining whether to grant leave to amend, district courts should consider several factors, including "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment." *Seals*, 546 F.3d at 770 (citing *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001)). Nevertheless, because notice and the opportunity to respond lie at the heart of our pleading requirements, so too are notice and any resulting prejudice central to determining whether a court should grant leave to amend. *See, e.g.*, *Wade*, 259 F.3d at 458–59 (concluding that notice and prejudice to the opposing party are "critical factors"); *Smith v. Sushka*, 117 F.3d 965, 969 (6th Cir. 1997) (examining whether a belated affirmative defense resulted in "surprise or unfair prejudice" to the opposing party).

Based on the proceedings below, we conclude that the district court abused its discretion by permitting Chartrand to amend his answer with specific reference to the exemptions from 29 U.S.C. § 213(a)(1) in the absence of further discovery. As a threshold matter, the district court granted Chartrand's motion in a marginal entry order, thus frustrating meaningful appellate review by providing no insight into the court's reasoning. Although the decision to permit an amendment lies in the sound discretion of the trial court, an "[a]buse of discretion occurs when a district court fails to state the basis for its denial [of a motion to amend] *or fails to consider the competing interests of the parties and likelihood of prejudice to the opponent.*" *Jet, Inc. v. Sewage Aeration Sys.*, 165 F.3d 419, 425 (6th Cir. 1999) (emphasis added) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)); *see Head v. Timken Roller Bearing Co.*,

486 F.2d 870, 874 (6th Cir. 1973) ("[A trial judge's] decision must weigh good cause shown for the delay in moving vis a vis dilatoriness of counsel resulting in last minute surprise and inability of opposing counsel to meet the tendered issue." (internal quotation marks omitted)).

As an additional matter, the nature of the claimed defense and the record below both suggest that Chartrand's belated amendment may have surprised and unfairly prejudiced the investigators. The FLSA guarantees overtime compensation to employees who work in excess of forty hours per week. 29 U.S.C. § 207(a)(1). However, the statute exempts from its coverage employees who serve "in a bona fide executive, administrative, or professional capacity." *Id.* § 213(a)(1). Under the FLSA's implementing regulations, an employer must prove the following to establish that the administrative-employee exemption applies: (1) the employee is paid at least $455 per week on a salary basis; (2) the employee's "primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer"; and (3) the employee's "primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a)(1)–(3). As we have observed, questions of fact often predominate in overtime-exemption cases. *See Chao v. Double JJ Resort Ranch*, 375 F.3d 393, 395–96 (6th Cir. 2004).

Here, the parties agree that Hopkins and Boyles were paid over $455 per week on a salary basis and that they exercised discretion and independent judgment in carrying out their primary duty—thus satisfying the first and third prongs of the administrative-employee exemption. The parties seem to disagree only as to what constituted the investigators' "primary duty" and whether it "directly related to the management or general business operations" of the county coroner. *See* 29 C.F.R. § 541.200(a)(2). We use the qualifying language "seem to disagree" because the parties agree on the facts surrounding the investigators' day-to-day duties,

*to the extent the parties developed the record on this front.* But the record reflects a glaring lack of factual development regarding the investigators' primary duties and how closely they related to the management of the coroner's office. The investigators allege prejudice as a result.

By way of example, when the parties deposed one another, they asked general questions regarding the investigators' responsibilities. But neither side followed up with detailed questions geared toward the particular requirements of the overtime exemptions themselves. The only questions posed regarding the investigators' duties were perfunctory and entirely commonplace in employment litigation. Chartrand never even mentioned the FLSA exemptions in his deposition testimony, and it is less than clear that the investigators otherwise knew he was relying upon the administrative-employee exemption. Surely the investigators would have pursued the matter further in discovery had they known it was at issue.

Thus we face a crossroads. On one hand, we have Rule 8(c)'s requirements, which serve to put opposing parties on notice of a claimed affirmative defense. *Mickowski*, 415 F.3d at 506. On the other hand, we have Rule 15(a)'s instructions, which counsel in favor of permitting amendments so as to resolve cases on their merits as opposed to the technicalities of pleadings. *Inge*, 388 F.3d at 937. The rules are at odds in this case, and we have no reasoning from the district court—which had a front-row seat throughout this dispute—to guide our review of its decision. Moreover, due to the sparse factual record relevant to the second prong of the administrative-employee exemption, we cannot ascertain whether the district court's abuse of discretion constituted harmless error. *See Rose*, 203 F.3d at 423.

Under these circumstances, a remand is warranted. Rather than remanding to allow the district court to rule again on Chartrand's motion to amend, which will no doubt spawn yet another non-merits appeal, the better course of action is to remand for the purpose of conducting

limited discovery with respect to the requirements of 29 C.F.R. § 541.200(a)(2). Allowing both sides to flesh out the investigators' primary duties and whether they directly related to the management or general business operations of the county coroner serves two purposes. First, permitting limited discovery on these important factual matters corrects any prejudice the investigators may have suffered from Chartrand's belated amendment. Second, permitting limited discovery will lead to a merits-based decision as opposed to a hollow procedural win for either side. Both the investigators and the coroner indicated at oral argument that they preferred developing the record further as opposed to losing as a matter of law based on the dearth of information before us.

We leave it to the district court to fashion the scope of this limited discovery. If, after conducting the relevant discovery, the parties wish to submit the matter to the district court on a stipulated factual record, they remain free to do so. *See* Fed. R. Civ. P. 52(a)(1); *B.F. Goodrich Co. v. U.S. Filter Corp.*, 245 F.3d 587, 592 (6th Cir. 2001) (explaining the difference between cross-motions for summary judgment and a bench trial on a stipulated record). As we recently observed, "this circuit and other circuits have resolved many administrative-exemption cases as a matter of law." *Henry v. Quicken Loans, Inc.*, 698 F.3d 897, 901 (6th Cir. 2012). If, however, the parties cannot agree to a stipulated record, they remain free to seek summary judgment under the traditional framework of Rule 56 or to pursue the matter at trial. *Id.* (concluding that administrative-exemption cases involving material factual disputes are properly left to a trier of fact). We need not and cannot predict today which route is appropriate.

### B. The Executive-Employee Exemption

Chartrand continues to argue that he was entitled to summary judgment against Hopkins under the executive-employee exemption set forth in 29 U.S.C. § 213(a)(1). The district court

did not rule on this argument. Under these circumstances, we adhere to the general appellate rule of refraining from considering issues not passed on below. *See, e.g.*, *Blue Cross & Blue Shield Mut. of Ohio v. Blue Cross and Blue Shield Ass'n*, 110 F.3d 318, 335 (6th Cir. 1997).

If, however, the district court anticipates ruling on the executive-employee exemption on remand, we presume additional discovery would be warranted on this matter for the reasons discussed above.

## IV. CONCLUSION

For the foregoing reasons, we reverse the grant of summary judgment and remand the case to the district court for proceedings consistent with this opinion.