NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0427n.06

No. 13-1776

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 12, 2014
DEBORAH S. HUNT, Clerk

GERALD K. LORD,                              )
                                             )
    Plaintiff-Appellant,                     )
                                             )   ON APPEAL FROM THE UNITED
v.                                           )   STATES DISTRICT COURT FOR
                                             )   THE EASTERN DISTRICT OF
ERIC H. HOLDER, JR., Attorney General,       )   MICHIGAN
                                             )
    Defendant-Appellee.                      )


BEFORE: BOGGS, COLE, and STRANCH, Circuit Judges.


PER CURIAM. Gerald K. Lord, a Michigan citizen, appeals the district court's grant of

summary judgment to his employer in this action filed under the Rehabilitation Act, 29 U.S.C.

§ 791 et seq.

Lord has been employed by the Drug Enforcement Administration as an assistant

administrative officer since 2001. He is confined to a wheelchair. In 2010, he applied for a

promotion to an administrative officer. He was not selected. The selection of a different

candidate was announced on December 6, 2010. Lord initiated contact with an Equal

Employment Opportunity (EEO) counselor on January 27, 2011, and pursued administrative

remedies by filing a formal complaint on March 3, 2011, alleging discrimination on the basis of

disability in his nonselection for the promotion, as well as several other incidents. The agency

dismissed several of the claims on the ground that Lord had not contacted an EEO counselor

within 45 days of their occurrence. Lord's claim about the promotion was allowed to continue,

however. Eventually, Lord voluntarily dismissed his administrative claim and filed this action in the district court, alleging disability discrimination and retaliation.

Defendant moved to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that Lord had not exhausted his administrative remedies by contacting an EEO counselor within 45 days of the employment action at issue. Lord filed a response, defendant filed a reply, and a motion hearing was held. The parties agreed that defendant's motion should be treated as one for summary judgment. The district court granted the motion and entered judgment for defendant. On appeal, Lord argues that he did contact an EEO counselor within 45 days of the employment action, and that, additionally, defendant waived the issue of whether his administrative remedies were properly exhausted by failing to dismiss his administrative complaint for failure to comply with the applicable time limits, citing 29 C.F.R. § 1614.107.

The parties do not dispute that failure to contact an EEO counselor within 45 days of an adverse employment action is grounds for dismissal of a complaint under the Rehabilitation Act. *See Hunter v. Sec'y of United States Army*, 565 F.3d 986, 993 (6th Cir. 2009). Lord attempts to cast doubt on the district court's determination that he did not meet this requirement by asserting that it is not clear when the period began to run. However, the record shows that the announcement that another candidate was chosen for the administrative officer position was made on December 6, 2010. Lord admits that he learned of the decision in early December, and submits no evidence of any other date. The 45-day period begins to run when an employee reasonably should have been aware of the employer's decision. *EEOC v. United Parcel Serv., Inc.*, 249 F.3d 557, 562 (6th Cir. 2001). Here, Lord should have been aware of the decision when it was announced. He provides no evidence to support a finding that this was on any date

other than December 6, 2010. Hence, he was required to contact an EEO counselor about his claim by January 20, 2011.

Lord alleges that he complied with this requirement by speaking to an EEO counselor and another individual in December and January. However, he was required to contact an official connected with the EEO process and exhibit an intent to begin the EEO process. *See Kraus v. Presidio Trust Facilities Div.*, 572 F.3d 1039, 1045–46 (9th Cir. 2009); *Johnson v. Cohen*, 6 F. App'x 308, 311 (6th Cir. 2001). More than once in the record Lord indicated that the first contact with the EEO counselor about his claim occurred on January 27, 2012. The declaration of the counselor confirms that, although she and Lord worked near each other and spoke about the promotion in December and January, he never indicated that he wished to begin the EEO process before January 27. Lord's affidavit does not contradict this, as it does not indicate that he exhibited an intent to begin the EEO process in the earlier discussions. As far as his discussions with the other individual he named, he provided no evidence that this person was connected in any way with the EEO process. Therefore, Lord did not show that he complied with the administrative requirement.

Alternatively, Lord argues that defendant waived this issue when it did not dismiss his administrative complaint about the promotion on that ground, while dismissing other claims for that reason. The exhaustion requirement is subject to waiver. *Mitchell v. Chapman*, 343 F.3d 811, 820 (6th Cir. 2003). Lord's argument is based on the language of 29 C.F.R. § 1614.107(a), which states that: "Prior to a request for a hearing in a case, the agency *shall* dismiss an *entire* complaint: . . . (2) That fails to comply with the applicable time limits . . . , unless the agency extends the time limits in accordance with § 1614.604(c)." (emphasis added). As an alternative

to dismissing the entire complaint, however, an agency also may choose to dismiss some claims in a complaint and investigate the remaining claims, as § 1614.107(b) provides:

> (b) Where the agency believes that some but not all of the claims in a complaint should be dismissed for the reasons contained in paragraphs (a)(1) through (9) of this section, the agency shall notify the complainant in writing of its determination, the rationale for that determination and that those claims will not be investigated, and shall place a copy of the notice in the investigative file. A determination under this paragraph is reviewable by an administrative judge if a hearing is requested on the remainder of the complaint, but is not appealable until final action is taken on the remainder of the complaint.

Here, the agency decided to investigate one claim and dismiss the others, proceeding under § 1614.107(b). The language of § 1614.107(a) thus does not apply and the DEA did not waive its untimeliness defense by failing to dismiss Lord's promotion claim as untimely before he requested a hearing.[1] Additionally, though the regulations require the agency to complete an investigation within 180 days of the filing of complaint (with certain exceptions), § 1614.108, and permit a complainant to file a civil suit if no final action is taken by the agency within 180 days of the complaint, § 1614.407, the 180-day mark is not a deadline for dismissal of claims.

In light of this regulatory language, we review Lord's waiver claim. "[W]aiver occurs when the agency decides the complaint on the merits without addressing the untimeliness defense." *Horton v. Potter*, 369 F.3d 906, 911 (6th Cir. 2004). An agency does not waive the untimeliness defense by only accepting and investigating a discrimination complaint. *Id.* To conclude otherwise "would vitiate any incentive for government agencies to investigate and

---

[1]Lord contends that this case is analogous to *Moncus v. Johanns*, No. 2:03CV416-W, 2006 WL 163309, at *5–7 (M.D. Ala. Jan. 20, 2006). In *Moncus*, the agency knew that the entire complaint was untimely before the plaintiff requested a hearing but failed to dismiss the complaint as untimely before the request. *Id.* The district court concluded that the agency therefore waived its untimeliness defense because dismissal of an *entire complaint* as untimely falls under § 1614.107(a) which requires that such dismissal occur before a request for a hearing. *Id. Moncus* thus is not applicable to this case because here the DEA properly proceeded under § 1614.107(b).

voluntarily remedy instances of discrimination, lest the agencies risk forfeiting a valid defense to a potential suit." *Belgrave v. Pena*, 254 F.3d 384, 387 (2d Cir. 2001) (internal quotation marks omitted).

In the EEO complaint process, an agency "final action" is a decision on the merits. *See* § 1614.110. When an entire complaint is dismissed, the agency takes final action by making a "final decision" explaining its dismissal of the complaint. § 1614.110(b). When an agency dismisses some but not all claims, as it did in here, there are two ways for an agency to take final action. First, after an investigation or after 180 days have passed since the complaint was filed, the complainant can request a hearing with an administrative law judge who will provide a decision reviewing the remaining claims; the judge can also review the dismissed claims. § 1614.107(b); § 1614.108(g)–(h); § 1614.110(a). The agency will then provide a "final order" explaining its implementation of the judge's decision. § 1614.110(a). Alternatively, a complainant can request that the agency provide a "final decision" without a hearing before an administrative law judge. § 1614.110(b). A final decision explains why any claims were dismissed and provides the agency's findings on the merits of the remaining claims. *Id.*

Both a final order after an administrative hearing and a final decision are agency final actions and are appealable to the EEOC, or, alternatively, permit the complainant to file a civil claim. § 1614.110; § 1614.407. Because final orders and final decisions are decisions on the merits, in the event that either final action fails to dismiss a claim as untimely, the agency has waived the untimeliness defense. *See Horton*, 369 F.3d at 911.

Not all complaints, however, proceed to an agency final action. When an agency fails to take a final action within 180 days from the filing of a complaint, a complainant may file a civil case instead of proceeding with the administrative process. § 1614.407. If the agency fails to

raise the timeliness of the claim as an affirmative defense before the district court, that defense is waived. *Horton*, 369 F.3d at 911.

Agency conduct other than a final action may also waive the untimeliness defense. For example, if an agency provides notice to a complainant that the agency intends to treat an untimely claim as timely, or that it has determined that a claim is timely, those actions could waive an untimeliness defense. *See Werner v. Dep't of Homeland Sec.*, 441 F. App'x 246, 249 (5th Cir. 2011) ("In order to waive a timeliness objection, the agency must make a specific finding that the claimant's submission was timely." (quoting *Rowe v. Sullivan*, 967 F.2d 186, 191 (5th Cir. 1992))); *see also Lanham v. Mansfield*, 400 F. App'x 609, 611 (2d Cir. 2010) (same).

Here, the DEA proceeded under § 1614.107(b), dismissing seven of the eight claims for reasons listed in § 1614.107(a)(1) through (9) and choosing to investigate the promotion claim. In its notice to Lord explaining which claims were dismissed and which it would investigate, the DEA did not state that the promotion claim was timely nor that it was untimely. The DEA completed the investigation and Lord requested a hearing. Before the hearing took place, Lord filed this civil complaint. The DEA had not taken a final action or made any finding as to the timeliness of the promotion claim before Lord filed this civil case. Therefore, the DEA was permitted to raise the untimeliness of the claim as a defense for the first time before the district court. *See Horton*, 369 F.3d at 911.

There was no evidence on which a jury could reasonably find that Lord contacted an EEO counselor within 45 days of the adverse employment decision, or that defendant waived the exhaustion requirement by deciding the claim on the merits. Summary judgment was therefore properly entered in favor of defendant. *See Hopson v. DaimlerChrysler Corp.*, 306 F.3d 427, 432 (6th Cir. 2002). Accordingly, the district court's judgment is affirmed.