Wayne BELGRAVE, Plaintiff–
Appellant,

v.

Frederico PENA, Secretary of the
United States Department of
Energy, Defendant–Appellee.

Docket No. 00–6307.

United States Court of Appeals,
Second Circuit.

Argued May 17, 2001.

Decided June 20, 2001.

Michael H. Sussman, (Stephen Bergstein, on the brief); Law Offices of Michael H. Sussman; Goshen, NY, (for Plaintiff–Appellant).

Sean C. Cenawood, Assistant United States Attorney, (Mary Jo White, United States Attorney for the Southern District of New York, Jeffrey Oestericher, Assistant United States Attorney, on the brief), New York, NY, (for Defendant–Appellee).

Before: JOHN M. WALKER, Jr., Chief Judge, FEINBERG and CABRANES, Circuit Judges.

PER CURIAM:

· Plaintiff-appellant Wayne Belgrave appeals from a September 18, 2000 judgment of the United States District Court for the Southern District of New York (Henry B. Pitman, *Magistrate Judge*) granting the motion for summary judgment of defendant-appellee Federico F. Pena, Secretary of the United States Department of Energy ("DOE").

Belgrave, a former DOE employee, brought suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621

*et seq.*, alleging that the DOE discriminated against him by failing to offer him one of two newly created Federal Energy Management Program ("FEMP") positions. Belgrave is an African–American male who, at the time of the events in question, was 66 years of age.

The district court asserted two alternative bases for granting summary judgment: (1) that Belgrave had failed to timely exhaust his administrative remedies; and (2) that he had not established a material factual question as to whether the DOE's asserted business justification for not offering him one of the two FEMP positions was merely a pretext for race or age discrimination, *see Belgrave v. Pena,* No. 98 Civ. 2517, 2000 WL 1290592 (S.D.N.Y. Sept. 13, 2000). Because we agree with the district court that Belgrave failed to exhaust his administrative remedies in a timely fashion, we affirm the district court's grant of summary judgment.

■ Prior to bringing suit under either Title VII or the ADEA, a federal government employee must timely "exhaust the administrative remedies at his disposal." *Downey v. Runyon,* 160 F.3d 139, 145 (2d Cir.1998). Failure to do so can be asserted by the government as an affirmative defense.

Regulations promulgated by the Equal Employment Opportunity Commission ("EEOC") establish the applicable administrative procedures that a federal employee must exhaust prior to filing suit. The EEOC regulations require that the aggrieved employee, *inter alia,* (1) consult with a counselor at the relevant agency's Equal Employment Office ("EEO") within 45 days of the alleged discriminatory act, *see* 29 C.F.R. § 1614.105(a)(1), and, if the matter is not resolved after a mandatory counseling period, (2) file a formal written administrative complaint ("EEO complaint") within 15 days of receipt of the EEO counselor's notice of final interview and right to file a formal complaint ("EEO notice"), *see id.* § 1614.106(a), (b). The employee may then file a civil action (i) within 90 days of notice of a final agency decision on his or her EEO complaint, or (ii) after 180 days from the filing of the EEO complaint if the agency has not yet rendered a decision. *See* 42 U.S.C. § 2000e–16(c); 29 C.F.R. § 1614.408(a), (b).

■ As the government points out, Belgrave admitted both in sworn deposition testimony and in his response to the government's Local Rule of Civil Procedure 56.1 Statement that he received the EEO notice through the mail "on or about April 22, 1996." Nevertheless, Belgrave did not file his formal administrative complaint until May 14, 1996, approximately twenty-two days after the EEO notice was first received. Belgrave's EEO complaint therefore was untimely.

■ Belgrave makes three arguments in response. First, he argues that he did not receive the EEO notice until May 3, 1996, and thus, he contends, his filing of the EEO complaint eleven days later on May 14, 1996 was timely. We conclude that Belgrave has failed to preserve this argument, however, because he did not argue it to the district court at any point during the pendency of the summary judgment motion. *See Gurary v. Winehouse,* 190 F.3d 37, 44 (2d Cir.1999).

■■ Second, Belgrave contends that the government waived any objection to his failure to timely exhaust his administrative remedies because the government's original answer did not assert failure to timely exhaust as an affirmative defense. *See Briones v. Runyon,* 101 F.3d 287, 290 (2d Cir.1996) ("[T]he statutory requirement [of timely administrative exhaustion] is analogous to a statute of limitations and is, therefore, considered subject to waiver, estoppel, and equitable tolling."); *see also*

*Boos v. Runyon,* 201 F.3d 178, 182 (2d Cir.2000) ("[T]he exhaustion requirement, while weighty, is not jurisdictional."). We find this argument to be without merit.

The district court permitted the government to amend its answer to state the affirmative defense of untimely exhaustion. Because this amendment to the answer occurred before trial, did not require additional discovery, and was not premised on bad faith, the district court acted within its discretion to allow the amendment. *See Monahan v. N.Y. City Dep't of Corr.,* 214 F.3d 275, 283 (2d Cir.2000). *Compare Forbus v. Sears Roebuck & Co.,* 30 F.3d 1402, 1405 (11th Cir.1994) (allowing amendment of complaint to include affirmative defense and stating that "[i]n the absence of undue delay, bad faith, dilatory motive or undue prejudice, leave to amend is routinely granted"), *with Francis v. City of N.Y.,* 235 F.3d 763, 768 (2d Cir.2000) (finding waiver after New York City failed to raise administrative exhaustion "in their answer" and waited to raise it "until after judgment had been entered" following a jury verdict).

Finally, Belgrave argues that "in accepting and investigating [his] EEO complaint, [the Government] waived its right to argue that this case is time-barred." Although we have not squarely addressed this issue before, each of our sister circuits that has done so has held that government "agencies do not waive a defense of untimely exhaustion merely by accepting and investigating a discrimination complaint." *Bowden v. United States,* 106 F.3d 433, 438 (D.C.Cir.1997) (citing *Boyd v. United States Postal Serv.,* 752 F.2d 410, 414 (9th Cir.1985)); *see also Rowe v. Sullivan,* 967 F.2d 186, 191 (5th Cir.1992) ("In order to waive a timeliness objection, the agency must make a specific finding that the claimant's submission was timely."). We now adopt this rule as well. Indeed, were we to do otherwise we would

"vitiate any incentive for [government] agencies to investigate and voluntarily remedy" instances of discrimination, lest the agencies risk forfeiting a valid defense to a *potential* suit. *Bruno v. Brady,* Civ. No. 91–2605, 1992 WL 57920, at *3 (E.D.Pa. Mar. 16, 1992) (holding that "acceptance and investigation of a federal employee's complaint does not constitute waiver").

Because Belgrave failed to present the district court with a material question as to whether he had timely filed his formal EEO complaint and because Belgrave failed to assert a valid basis for finding that the government had waived that defense, the judgement of the district court dismissing his Title VII and ADEA claims is hereby affirmed.

Each side to bear its own costs of appeal.