Suzanne MONTESANO,
Plaintiff–Appellant,

v.

Anthony J. PRINCIPI, Defendant–
Appellee.

Docket No. 01–6149.

United States Court of Appeals,
Second Circuit.

Oct. 9, 2002.

John R. Williams, New Haven, CT, for Appellant.

John A. Danaher III, United States Attorney for the District of Connecticut; Lauren M. Nash and Jeffery A. Meyer, Assistant United States Attorneys, of counsel, for Appellee.

Present CARDAMONE, MINER, SOTOMAYOR, Circuit Judges.

*SUMMARY ORDER*

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the District of Connecticut (John Glazer Margolis, *Magistrate Judge*), it is hereby

ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Suzanne Montesano was an employee of the Veteran's Administration who was first reassigned from Norwich, CT to Hartford, CT and then removed from federal employment. She brought suit against the United States Department of Veterans' Affairs, alleging discriminatory treatment with respect to both her gender (in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*) and her disability (in violation of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq.*) when she was reassigned and when she was terminated. The district court granted defendant's motion for summary judgment on all four counts. Montesano appeals the dismissal on only two of these counts: gender discrimination in her termination and disability discrimination in her reassignment.

The district court correctly dismissed Montesano's termination-related gender discrimination claim for failure to exhaust her administrative remedies as required under Title VII. *Belgrave v. Pena,* 254 F.3d 384, 386 (2d Cir.2001). Montesano failed to file a formal EEO complaint until forty-five days after she received her Notice of Final Interview, a date well beyond the fifteen-day window specified in 29 C.F.R. § 1614.105(d). *See Belgrave,* 254 F.3d at 386 (finding exhaustion after a twenty-two day delay). On appeal, Montesano asserts that she received insufficient notice of her obligation to file within fifteen days because her EEO counselor failed to send her a Notice of Rights and Responsibilities form in addition to the Notice of Final Interview. We agree with the district court that in this case the text included in Notice of Final Interview alone provided the notice mandated by 29 C.F.R. § 1614.105(d).

The district court dismissed Montesano's reassignment-related disability discrimination claim for failure to establish a *prima facie* case, finding Montesano failed to demonstrate two of the essential elements: that she is an individual with a disability under the Rehabilitation Act and that she was discriminated against on the basis of her disability. *See D'Amico v. City of New York,* 132 F.3d 145, 150 (2d Cir.1998). We reach only the trial court's finding on the lack of a disability and affirm on grounds articulated in the opinion below. On appeal, Montesano asserts that her "ability to commute long distances to work on a daily basis" is one of the "major life activities" within the definition of the Rehabilitation Act. She is incorrect. *See Colwell v. Suffolk County Police Dept.,* 158 F.3d 635, 639, 643 (2d Cir.1998) (finding that the activity of driving "cannot reasonably be deemed major league" when the disability interfered with extensive driving).

The district court's grant of summary judgment is AFFIRMED.