**Hisham A. KHALEEL, Plaintiff–Appellant,**

v.

**John E. POTTER., Defendant–Appellee.**

No. 07–4116–cv.

United States Court of Appeals, Second Circuit.

Jan. 21, 2009.

---

Hisham A. Khaleel, Brooklyn, NY, pro se.

Zachary A. Cunha, Assistant United States Attorney (United States Attorney Benton J. Campbell, and Assistant United States Attorney Varuni Nelson, on the brief), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: JOSÉ A. CABRANES and DEBRA ANN LIVINGSTON, Circuit Judges, RICHARD K. EATON, Judge.[1]

---

1. The Hon. Richard K. Eaton of the United States Court of International Trade, sitting by

## SUMMARY ORDER

Plaintiff Hisham A. Khaleel appeals from a judgment of the District Court, entered on July 17, 2007, following a successful motion for summary judgment filed by defendant John Potter, the Postmaster General of the United States. Plaintiff was employed by the United States Postal Service in a number of positions from December 2001 to June 2003, and again in June 2004. In his complaint, plaintiff alleged that the Postal Service discriminated against him because of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Specifically, the allegations in the complaint relate to plaintiff's inability to secure a permanent appointment as a letter carrier in the Triboro District following an application submitted in early 2004. We assume the parties' familiarity with the underlying facts and procedural history of the case.

"We review the District Court's grant of summary judgment *de novo.*" *Jeffreys v. City of New York,* 426 F.3d 549, 553 (2d Cir.2005). Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

The District Court granted summary judgment on the sole ground that plaintiff had not exhausted his administrative remedies prior to filing this lawsuit in March 2005. Under Title VII, a plaintiff must exhaust available administrative remedies, including all remedies provided by applicable Equal Employment Opportunity Commission ("EEOC") regulations, before filing suit. *See Belgrave v. Pena,* 254 F.3d 384, 386 (2d Cir.2001) *(per curiam ).* As a federal employee, plaintiff was required to

designation.

"consult with a counselor at the relevant agency's Equal Employment Office ("EEO") within 45 days of the alleged discriminatory act." *Id.*; *see also* 29 C.F.R. § 1614.105(a)(1). In this case, plaintiff's request for reconsideration of the Postal Service's decision not to hire him at the Triboro Division was denied on June 3, 2004. However, plaintiff did not seek EEO counseling until September 24, 2004, well in excess of the 45 day window. Plaintiff's request for counseling, and his subsequent formal complaint and appeal, were therefore denied by the EEO as untimely. On this basis, and because plaintiff had not demonstrated why either waiver or equitable estoppel should apply to his untimely request for counseling, the District Court granted summary judgment for defendant. *See Briones v. Runyon*, 101 F.3d 287, 290 (2d Cir.1996) (holding that the administrative exhaustion requirement "is analogous to a statute of limitations and is, therefore, considered subject to waiver, estoppel, and equitable tolling"); *see also Belgrave*, 254 F.3d at 387 (affirming dismissal of Title VII claims where plaintiff "failed to present the district court with a material question as to whether he had timely filed his formal EEO complaint and ... failed to assert a valid basis for finding that the government had waived that defense").

Upon review of the record before us, we find no basis to disagree with the District Court's conclusions.[2] We therefore **AFFIRM** the judgment of the District Court.

---

2. To the extent that plaintiff alleges on appeal that Judge Ross and the Magistrate Judge assigned to his case were biased, we find no basis in the record to question the impartiality of either judge. To the extent that plaintiff challenges the decision of the District Court denying him leave to amend his complaint, we find no abuse of discretion. *See In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir.2008). Further, to the extent that plaintiff challenges any of the District Court's discovery rulings, we have no need to consider these claims as reversal of the challenged discovery rulings would not alter our analysis.