SUMMARY ORDER

Appellant Hoa T. Nghiem, pro se, appeals the district court’s dismissal of her complaint alleging violations of, inter alia, Title VII and 42 U.S.C. §§ 1981 and 1983. We assume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
We review de novo a district court decision dismissing a complaint pursuant to Rule 12(b)(1) or (6).. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir.2006) (per curiam) (Rule 12(b)(1)); Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir.2002) (Rule 12(b)(6)). In each instance, we “constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiffs favor.” Chambers, 282 F.3d at 152; see also Triestman, 470 F.3d at 474.
Prior to bringing suit under Title VII, “a federal government employee must timely exhaust the administrative remedies at [her] disposal.” Belgrave v. Pena, 254 F.3d 384, 386 (2d Cir.2001) (per curiam) (quotation marks omitted). After the formal filing with the Equal Employment Opportunity Commission (“EEOC”), the employee is authorized to file a civil action in federal court (1) within 90 days of receiving notice of final administrative decision, or (2) within 180 days from the date of filing the complaint if there has been no administrative action. See 29 C.F.R. § 1614.407; 42 U.S.C. § 2000e-16(c); Belgrave, 254 F.3d at 386. Here, Nghiem does not contest that she filed suit more than seven years after the final administrative decision, but instead argues that her claim should be subject to the continuing violations doctrine.
“Under the continuing violation exception to the Title VII limitations period, if a Title VII plaintiff files an EEOC charge that is timely as to any incident of discrimination in furtherance of an ongoing policy of discrimination, all claims of acts of discrimination under that policy will be timely even if they would be untimely standing alone.” Patterson v. County of Oneida, N.Y., 375 F.3d 206, 220 (2d Cir.2004) (internal quotation omitted). Properly raised, a claim of a “continuous practice and policy of discrimination” would permit the limitations period to run from the date of the “last act” of discrimination, for ex *18 ample, a refusal to reinstate the plaintiff. See Cornwell v. Robinson, 23 F.3d 694, 703-04 (2d Cir.1994). As conceived, the continuing violations doctrine thus allows a plaintiff to bring an otherwise untimely claim where she has alleged a timely claim that is part of an ongoing policy of discrimination, and it does not allow a plaintiff to bring an untimely suit in federal court after timely filing a claim based on the defendant’s actions with the EEOC. Accordingly, the district court properly found Nghiem’s Title VII claims untimely.
To the extent Nghiem argues that she should be entitled to equitable tolling, she failed to raise this argument before the district court, and, more importantly, she has not alleged any extraordinary circumstances or that she was misled or prevented from filing a timely claim warranting equitable tolling. See Miller v. Int’l Tel. & Telegraph Corp., 755 F.2d 20, 24 (2d Cir.1985) (placing the burden of showing “extraordinary” circumstances justifying equitable tolling of a time bar in an employment discrimination suit on the employee-plaintiff) .
With respect to Nghiem’s §§ 1981 and 1983 claims, the district court properly dismissed them because the statutes apply only to state actors, and not federal officials. See Dotson v. Griesa, 398 F.3d 156, 162 (2d Cir.2005) (§ 1981); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n. 4 (2d Cir.1991) (holding that “[a]n action brought pursuant to 42 U.S.C. § 1983 cannot lie against federal officers”).
We have considered the remainder of Nghiem’s claims' and found them to be without merit. Accordingly, we AFFIRM the judgment of the district court.