Thomas MURRAY, Plaintiff–Appellant,

v.

CITY OF NEW YORK, Island Towing & Salvage, Inc., and Robert Henry, in personam, and Tug Rachel Marie, her engines, tackle, gear and appurtenances, in rem, Defendants–Cross–Claimants–Cross–Defendants–Appel-

lees.[1]

**No. 08–1696–cv.**

United States Court of Appeals,
Second Circuit.

May 29, 2009.

---

1. The Clerk of Court is directed to amend the caption to conform to this listing of appellant and appellees.

---

John P. James, Friedman, James & Buchsbaum LLP, New York, NY, for Appellant.

Deborah A. Brenner (Barry P. Schwartz, on the brief), for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, New York, for the City of New York; John V. Coulter, Law Office of John V. Coulter, New York, New York, for Island Towing & Salvage, Inc., Robert Henry, and Tug Rachel Marie, for Appellees.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. REENA RAGGI, Circuit Judges, and Hon. JANE A. RESTANI, Judge.[2]

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court, entered on April 8, 2008, is AFFIRMED.

**2.** The Honorable Jane A. Restani, Chief Judge of the United States Court of International

New York City Police Officer Thomas Murray appeals from an award of summary judgment in favor of defendants on his Jones Act, unseaworthiness, and general-maritime claims for injuries sustained when he slipped on the stern deck of a private tugboat, the *Rachel Marie*, that Murray boarded from New York City Police Department *Launch 37* in the course of providing assistance to the tug. We review the district court's grant of summary judgment *de novo, see Havey v. Homebound Mortgage, Inc.*, 547 F.3d 158, 163 (2d Cir.2008), and its evidentiary and discovery rulings for abuse of discretion, *see Estate of Landers v. Leavitt*, 545 F.3d 98, 113 (2d Cir.2008); *In re "Agent Orange" Product Liability Litig.*, 517 F.3d 76, 102 (2d Cir.2008). In conducting our review, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

1. *Grant of Summary Judgment to the City of New York*

Because the City of New York does not own the vessel on which Murray slipped, plaintiff's Jones Act and unseaworthiness claims against the City essentially reduce to one theory: that the City inadequately trained Murray to engage in rescue operations such as the one performed for the *Rachel Marie*. Murray argues on appeal that the district court erred in concluding that (1) his expert evidence supporting this theory would not have been admissible at trial, *see* Fed.R.Evid. 702; *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); and (2) he did not otherwise adduce sufficient evidence to overcome summary judgment.

Trade, sitting by designation.

■ We disagree. We review a district court's decision regarding the admissibility of expert testimony for abuse of discretion. *See, e.g., Olin Corp. v. Certain Underwriters at Lloyd's London,* 468 F.3d 120, 133 (2d Cir.2006). The district court's challenged ruling fell well within its discretion because the expert report at issue based its conclusions on comparisons dissociated from an actionable causation theory. *See* Fed.R.Evid. 702 (referring to admissibility of expert evidence that will assist determination of "fact in issue"). Murray's expert sought to establish that (1) the City did not adequately train its employees on how to conduct a commercial rescue and salvage, and, (2) given the inadequacy of that training, the officers should have called the Coast Guard to assist the *Rachel Marie.* The first of these propositions (on which the second then depended) failed to establish but-for causation. Murray's injuries were not caused by ignorance of the skills apparently relevant to a commercial salvage operation, such as navigation and piloting, towing, engineering-casualty-control procedures, and use of rescue and survival gear. Murray slipped. No record evidence indicated that this occurrence could have been avoided with the technical training detailed by plaintiff's expert.[3] *See generally Miller v. Farrel Lines, Inc.,* 247 F.2d 503, 506 (2d Cir.1957) ("In a suit under the Jones Act, it is necessary to show that the allegedly negligent act or omission of the defendant caused, in whole or in part, the damage for which recovery is sought."); *Oxley v. City of New York,* 923 F.2d 22, 26 (2d Cir.1991) (explaining that plaintiff asserting unseaworthiness claim must prove that "his injuries resulted from the unseaworthy condition of the vessel").

Because the other evidence Murray introduced did not remedy this causational deficiency, the district court properly awarded summary judgment to the City defendants.

### 2. Grant of Summary Judgment to the Non–City Defendants

Murray submits that three issues of disputed material fact precluded an award of summary judgment in favor of the non-City defendants: (1) whether the presence of tug lines and equipment caused Murray to slip; (2) whether the *Rachel Marie's* stern deck was adequately lit; and (3) whether the *Rachel Marie's* deck was wet due to water improperly pumped from the *Rachel Marie* itself and not just rain and seawater.

■ We are not persuaded. Murray testified that he believed the wet floor, "in combination with the lines and the equipment strewn about the stern of the boat," caused him to slip. But "[a] party opposing summary judgment does not show the existence of a genuine issue of fact to be tried merely by making assertions that are conclusory, or based on speculation." *Major League Baseball Props., Inc. v. Salvino, Inc.,* 542 F.3d 290, 310 (2d Cir.2008) (internal citation omitted). Murray plainly stated that he slipped—not tripped—and, absent further explanation of just how the lines and equipment "combin[ed]" to cause his injury, his quoted testimony is insufficiently detailed to present a genuine issue of material fact. *See id.*

---

**3.** To the extent the expert faulted the City for not training Murray to assess the *Rachel Marie's* "unsafe condition," *i.e.,* the "lack of lighting, equipment and lines cluttering the deck, and unstable condition due to water ingress," the necessary causal link is severed by the fact that Murray never indicated that he failed to appreciate such risks. Indeed, he testified that, when conducting standard inspections of vessels, he routinely directed boats to calmer waters to board them more safely.

Murray's proffered evidence regarding the *Rachel Marie's* lighting and the reasons for its wet surface were also insufficient to defeat summary judgment. While Murray stated that it was dark on the *Rachel Marie* and opined that the *Rachel Marie's* lighting was inadequate, he did not testify that he slipped *because* it was dark or because he otherwise could not see. Absent evidence of a causal link, any dispute regarding the extent of the *Rachel Marie's* lighting is immaterial.

 Finally, in his Rule 56.1 statement, Murray admitted that the "fantail and deck of TUG RACHEL MARIE were wet due to weather and sea conditions." Plaintiff's Local Civil Rule 56.1(b) Responsive Statement ¶ 8 (Aug. 30, 2007). That statement was consistent with the evidence presented on summary judgment, which confirmed that intermittent bursts of heavy rain and winds preceded Murray's boarding. Nowhere in his Rule 56.1(b) statement or elsewhere before the district court did Murray assert that improper water pumping contributed to his injuries. We will not entertain a new theory on appeal from a grant of summary judgment. *See Gurary v. Winehouse*, 190 F.3d 37, 44 (2d Cir.1999) (stating that party challenging summary-judgment grant "will not be heard" to advance argument on appeal based on theory not raised below); *see also Belgrave v. Pena*, 254 F.3d 384, 386 (2d Cir.2001).

For these reasons, the judgment of the district court is AFFIRMED.