Carter v. Brennan

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of July, two thousand sixteen.

PRESENT:
ROSEMARY S. POOLER,
BARRINGTON D. PARKER,
DEBRA ANN LIVINGSTON,
*Circuit Judges.*

———————————————————————

Robert West Carter,

*Plaintiff-Appellant*,

v.                                                                      15-1837

Megan J. Brennan, Postmaster General, United
States Postal Service,

*Defendant-Appellee*.

———————————————————————

FOR PLAINTIFF -APPELLANT:          Robert West Carter, pro se, Suffield, CT.

FOR DEFENDANT -APPELLEE:          Michelle L. McConaghy, Assistant United States
                                                      Attorney (Sandra S. Glover, Assistant United
                                                      States Attorney, *on the brief*), *for* Deirdre M. Daly,
                                                      United States Attorney for the District of
                                                      Connecticut, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Arterton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Robert West Carter, proceeding pro se, appeals the district court's judgment dismissing his complaint, which alleged discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et. seq., for failure to exhaust his administrative remedies. Carter sued his former employer, the United States Postal Service ("Postal Service"), alleging that he had been fired because of his age. The district court granted the Postal Service's motion to dismiss, ruling that Carter had been required to initiate contact with an EEO counselor within 45 days of receiving notice of his termination in March 2009. He did not do so until July 2010, after an arbitrator had upheld his termination. On appeal, Carter challenges both the dismissal of his complaint and the court's denial of his request for appointed counsel. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the district court's decision de novo, "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). We review the denial of a motion for appointment of counsel for abuse of discretion. *Jenkins v. Chem. Bank*, 721 F.2d 876, 879 (2d Cir. 1983).

Upon review, we conclude that the district court properly dismissed the complaint. We affirm for substantially the reasons stated by the district court in its thorough May 4, 2015

2

decision. Further, Carter has not shown that the district court abused its discretion by failing to appoint counsel.

Carter contends that the court's order of dismissal is inconsistent with its prior ruling that his amended complaint stated a claim. However, the first ruling addressed the sufficiency of his allegations, not whether he had exhausted his administrative remedies, and the failure to exhaust is an affirmative defense. *See Belgrave v. Pena*, 254 F.3d 384, 386 (2d Cir. 2001). The Postal Service raised that defense after service of the complaint.

For the first time on appeal, Carter argues that he was employed by the Postal Service through September 2010, relying on a Notification of Personnel Action and other documents related to his health insurance coverage. We generally do not consider arguments raised for the first time on appeal. *See Singleton v. Wulff*, 428 U.S. 106, 121 (1976). Even if we were to consider the new argument, it is without merit, as Carter was on notice of the alleged discriminatory action in March 2009. *See* 29 C.F.R. § 1614.105(a)(1), (2); *cf. Green v. Brennan*, — U.S. —, 136 S. Ct. 1769, 1782 (2016) ("[A]n ordinary wrongful-discharge claim accrues—and the limitations period begins to run—when the employer notifies the employee he is fired, not on the last day of his employment.").

We have considered all of Carter's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3