19-842-cv
*Rein v. McCarthy*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of March, two thousand twenty.**

Present:
>ROBERT A. KATZMANN,
>>*Chief Judge*,
>MICHAEL H. PARK,
>>*Circuit Judge*,
>GEOFFREY W. CRAWFORD,
>>*District Judge.* [*]

---

DONNA REIN,

>*Plaintiff-Appellant*,

>v.                                                    No. 19-842-cv

RYAN D. MCCARTHY, Secretary, United States Department of the Army, UNITED STATES DEPARTMENT OF THE ARMY,

>*Defendants-Appellees*.[1]

---

[*] Judge Geoffrey W. Crawford, of the United States District Court for the District of Vermont, sitting by designation.

[1] The Clerk of Court is directed to amend the caption as above.

1

For Plaintiff-Appellant:                    ANNETTE G. HASAPIDIS, Hasapidis Law
                                            Offices, Ridgefield, CT.

For Defendant-Appellee:                     NATASHA W. TELEANU, Assistant United
                                            States Attorney (Christopher Connolly,
                                            Assistant United States Attorney, *on the brief*),
                                            *for* Geoffrey S. Berman, United States
                                            Attorney for the Southern District of New
                                            York, New York, NY.


Appeal from a judgment of the United States District Court for the Southern District of New York (Karas, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Donna Rein appeals from a March 11, 2019 judgment of the United States District Court for the Southern District of New York (Karas, *J.*) granting summary judgment in Rein's discrimination action to defendants (the "agency") on the ground that Rein failed to timely exhaust her administrative remedies. Rein's complaint alleged discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Americans with Disabilities Act of 1990 ("ADA"). We assume the party's familiarity with the underlying facts, the procedural history of the case, and the issues presented for review. For the reasons that follow, we affirm the district court's grant of summary judgment to the agency and its dismissal of the case.

"We review *de novo* a grant of summary judgment, construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in his favor." *Natofsky v. City of New York*, 921 F.3d 337, 344 (2d Cir. 2019).[2]

---

[2] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, emphases, footnotes, and citations.

The district court correctly concluded that Rein did not file a timely administrative complaint regarding her claims of discrimination. After the employee receives a written notice of the right to file a formal administrative complaint, the employee has 15 days to file the complaint, counted from the date that the employee's lawyer, if the employee is represented, receives the notice. 29 C.F.R. §§ 1614.105(d), 1614.106(b), 1614.605(d). Rein acknowledges that, due to an error by her attorney, she filed her complaint one day after this deadline.

However, meeting the deadline for filing an administrative complaint "is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Francis v. City of New York*, 235 F.3d 763, 767 (2d Cir. 2000). On appeal, Rein argues that the district court erred in not permitting her suit to proceed pursuant to one of these doctrines.

## I. Equitable Estoppel

Many courts review application of equitable estoppel for abuse of discretion, but, "because we would affirm the district court under de novo review, we need not consider whether a more deferential standard of review should apply." *BPP Ill., LLC v. Royal Bank of Scot. Grp. PLC*, 859 F.3d 188, 191 (2d Cir. 2017). Generally, equitable estoppel "arises if (i) the defendant made a definite misrepresentation of fact, and had reason to believe that the plaintiff would rely on it; and (ii) the plaintiff reasonably relied on that misrepresentation to his detriment." *Kavowras v. N.Y. Times Co.*, 328 F.3d 50, 56 (2d Cir. 2003). However, "[t]he doctrine of equitable estoppel is not available against the government except in the most serious of circumstances, and is applied with the utmost caution and restraint." *Rojas-Reyes v. INS.*, 235 F.3d 115, 126 (2d Cir. 2000). "Specifically, estoppel will only be applied upon a showing of affirmative misconduct by the government." *Id.*

3

Rein argues that the agency's failure to dismiss her administrative complaint as untimely constituted a misrepresentation that her complaint was timely, which she detrimentally relied upon. However, the agency made no actual representation concerning the complaint's timeliness. Our case law is clear that an agency's decision to move forward with a complaint does not represent a determination of timeliness. *See Belgrave v. Pena*, 254 F.3d 384, 387 (2d Cir. 2001) ("[G]overnment agencies do not waive a defense of untimely exhaustion merely by accepting and investigating a discrimination complaint."). Accordingly, Rein is unable to make the showing required to overcome the "extraordinarily strong presumption against applying equitable estoppel against the government." *United States v. Sampson*, 898 F.3d 270, 285 (2d Cir. 2018).

## II. Equitable Tolling

"We review a district court's determination that equitable tolling is inappropriate for abuse of discretion," but "the operative review standard for equitable tolling determinations in the end will depend on what aspect of the lower court's decision is challenged." *Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 149 (2d Cir. 2013). "If a district court denies equitable tolling on the belief that the decision was compelled by law or if the decision to deny tolling was premised on an incorrect or inaccurate view of what the law requires, the decision should be reviewed *de novo*." *Id*. "Along the same lines, if the decision to deny tolling was premised on a factual finding, the factual finding should be reviewed for clear error." *Id*.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 144 (2d Cir. 2011). "Because statutes of limitations protect important social interests in certainty, accuracy,

4

and repose, equitable tolling is considered a drastic remedy applicable only in rare and exceptional circumstances." *Id.*

Rein failed to meet the deadline for filing her administrative complaint due to an error by her attorney. While "sufficiently egregious" attorney conduct may constitute extraordinary circumstances, "normal errors by attorneys" typically do not. *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir. 2003); *see Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001) ("This Circuit, like her sisters, has found attorney error inadequate to create the extraordinary circumstances equitable tolling requires"). We have consistently held that "miscalculating a deadline is the sort of garden variety attorney error that cannot on its own rise to the level of extraordinary circumstances . . . ." *Dillon v. Conway*, 642 F.3d 358, 364 (2d Cir. 2011); *see Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (equitable tolling not warranted where an attorney filed a discrimination complaint late because he did not realize that the notice to file had been received). Rein's attorney did not engage in the type of misconduct that we have found necessary to justify equitable tolling. *See Dillon*, 642 F.3d at 364 (equitable tolling warranted where attorney not only filed late, but "affirmatively and knowingly misle[d]" the client as to when he would file); *Baldayaque*, 338 F.3d at 152 (equitable tolling warranted where attorney failed to file petition after being directed to do so, did no legal research on the case, and never met with his client). Accordingly, the district court did not err in denying equitable tolling.

## III. Waiver

Finally, Rein argues that the agency waived its right to challenge her timely exhaustion of administrative remedies when it failed to dismiss her complaint as untimely. However, Rein did

not raise this argument below.[3] As a general rule, we do not consider arguments raised for the first time on appeal, although we may exercise our discretion to do so "where necessary to avoid a manifest injustice . . . ." *In re Nortel Networks Corp. Secs. Litig.*, 539 F.3d 129, 133 (2d Cir. 2008). No injustice will result from not addressing this argument as our case law is clear that "government agencies do not waive a defense of untimely exhaustion merely by accepting and investigating a discrimination complaint." *Belgrave*, 254 F.3d at 387. For these reasons, we decline to exercise our discretion to address Rein's waiver argument.

We have considered all of Rein's remaining contentions on appeal and have found in them no basis for reversal. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[3] Rein contends that she did raise this argument below, but she merely cited a case noting that filing deadlines are subject to waiver and did not actually advance a waiver argument. *See Tolbert v. Queens Coll.*, 242 F.3d 58, 75 (2d Cir. 2001) ("It is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").