21-507-cv
Boyar v. Yellen

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of January, two thousand twenty-two.

PRESENT:
> SUSAN L. CARNEY,
> STEVEN J. MENASHI,
> MYRNA PÉREZ,
> *Circuit Judges.*

---

Allen Grant Boyar,

> *Plaintiff-Appellant*,

v.                                                                              21-507

Janet L. Yellen, Secretary of the Department of the Treasury, Internal Revenue Service,

> *Defendant-Appellee.**

---

FOR PLAINTIFF-APPELLANT:        ALLEN GRANT BOYAR, *pro se*, Buffalo, NY.

FOR DEFENDANT-APPELLEE:         MICHAEL S. CERRONE, Assistant United States Attorney, *for* Trini E. Ross, United

---

* Janet L. Yellen, the current Secretary of the Department of the Treasury, is automatically substituted as the Defendant-Appellee in this case pursuant to Federal Rule of Appellate Procedure 43(c)(2). The Clerk of Court is directed to amend the case caption to conform to the above.

States Attorney for the Western District of New York, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Sinatra, *J.*; Roemer, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Allen Boyar, proceeding *pro se*, sued his former employer, the Internal Revenue Service ("IRS"), for disparate treatment, hostile work environment, and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.* A United States Magistrate Judge recommended granting the IRS's motion to dismiss the complaint for failure to exhaust administrative remedies with respect to Boyar's retaliation claim and failure to state a claim with respect to the remaining claims. The district court adopted the recommendation and dismissed the complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). To survive a motion to dismiss under Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A

2

claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## I.     Retaliation

The district court properly dismissed Boyar's retaliation claims. We "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (*per curiam*) (internal quotation marks omitted). Federal Rule of Appellate Procedure 28(a) requires all appellants in their briefs to provide the court with a clear statement of the issues on appeal. *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (*per curiam*). Therefore, "[i]ssues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal." *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998).

Here, Boyar's brief fails to address the primary reason given by the district court for dismissing his retaliation claims: that he failed to exhaust his administrative remedies. Instead, he merely argues that he alleged sufficient facts to state a retaliation claim, asserting conclusorily that he faced adverse actions because he sought to have his manager replaced. By failing meaningfully to address the district court's exhaustion ruling, Boyar has waived his challenge to that aspect of the district court's decision. *See Norton*, 145 F.3d at 117.

Moreover, even if we were to excuse the waiver and address the merits, we would conclude that the district court properly dismissed Boyar's retaliation claims for failure to exhaust administrative remedies. Federal employees are required to timely exhaust administrative remedies before they may file a lawsuit in federal district court under Title VII or the ADEA.

3

*Belgrave v. Pena*, 254 F.3d 384, 386 (2d Cir. 2001) (*per curiam*). A claim not raised in an Equal Employment Opportunity Commission ("EEOC") charge may be brought in federal court only if it is "reasonably related" to the claim filed with the EEOC. *Williams v. N.Y.C. Housing Auth.*, 458 F.3d 67, 70 (2d Cir. 2006) (internal quotation marks omitted). "A claim is considered reasonably related if the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made." *Fitzgerald v. Henderson*, 251 F.3d 345, 359–60 (2d Cir. 2001) (internal quotation marks omitted).

Here, Boyar's retaliation claims were neither exhausted nor reasonably related to the allegations made in Boyar's discrimination charge. Boyar did not check the box on the charge form indicating he was asserting a claim of retaliation. He made no factual allegations that would suggest retaliation of any kind. Indeed, in his EEOC allegations he did not refer to the two incidents that he asserts in his complaint were retaliatory (these were management reports that he had violated the office dress code and sexually harassed a coworker). Because those incidents were not even mentioned, the EEOC would not have had any basis to investigate an allegation of retaliation. *See Williams*, 458 F.3d at 70 ("The central question is whether the complaint filed with the EEOC gave that agency adequate notice to investigate discrimination on both bases." (internal quotation marks omitted)). Therefore, Boyar did not exhaust his administrative remedies and the district court appropriately dismissed his retaliation claims.

## II. Disparate treatment

The district court also properly dismissed Boyar's disparate treatment claims. "[T]o defeat a motion to dismiss . . . in a Title VII discrimination case, a plaintiff must plausibly allege that (1) the employer took adverse action against him, and (2) his race, color, religion, sex, or

4

national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015). To state an ADEA claim, a plaintiff must allege sufficient facts to show that age was the "but-for" cause of the employer's adverse acts. *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 303 (2d Cir. 2021).

Boyar did not allege any facts to support his claims that his sex, religion, national origin, or age was a motivating factor or but-for cause of the IRS's decision to terminate his employment. The EEOC decision attached to his complaint concluded that his employment was terminated for cause—namely, his poor performance and dress code violation. Boyar argues that three members of his supervisor's team were treated more favorably than he was; all were under age 40, and none shared Boyar's religion or national origin. But he alleged no facts showing that these employees were suitable comparators: he did not allege that they engaged in similar disapproved behaviors at work or had similarly poor performance. *See Raspardo v. Carlone*, 770 F.3d 97, 126 (2d Cir. 2014) ("In the context of employee discipline, . . . the plaintiff and the similarly situated employee must have engaged in comparable conduct, that is, conduct of comparable seriousness." (internal quotation marks omitted)). Therefore, the district court properly dismissed Boyar's disparate treatment claims.

## III. Hostile work environment

In addition, the district court properly dismissed Boyar's hostile work environment claims. To state a hostile work environment claim, "a plaintiff must plead facts that would tend to show that the complained of conduct: (1) is objectively severe or pervasive—that is, creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment

5

because of the plaintiff's [protected class]." *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007) (internal quotation marks omitted) (describing standard under Title VII for sex-based hostile work environment claim); *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 241 (2d Cir. 2007) (describing standard under the ADEA for age-based hostile work environment claim).

Boyar's factual allegations are not sufficient to state a plausible hostile work environment claim. He alleged that his supervisor (1) told him to go back to his desk or she would "[w]ring [his] neck"; (2) yelled at him demanding his employee identification number "now"; (3) ignored him at a meeting; (4) yelled at him "very loudly"; and (5) told him he had 90 minutes to complete two certification exams, when he had 60 minutes to complete each. Gov't App'x at 9. Whether viewed alone or in the aggregate, these incidents were not severe or pervasive enough to establish an objectively hostile work environment. *See Agosto v. N.Y.C. Dep't of Educ.*, 982 F.3d 86, 102 (2d Cir. 2020) ("Title VII is not a general civility code but rather forbids only behavior so objectively offensive as to alter the conditions of the victim's employment." (internal quotation marks omitted)); *Littlejohn v. City of New York*, 795 F.3d 297, 320–21 (2d Cir. 2015) ("To establish a hostile work environment . . . a plaintiff must show that the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." (internal quotation marks omitted)). Moreover, Boyar did not allege any facts at all that would support the inference that the behavior he complains of was because of his age, sex, religion, or national origin. *See Brennan v. Metro. Opera Ass'n*, 192 F.3d 310, 318 (2d Cir. 1999) ("A plaintiff must . . . demonstrate that [he or] she was subjected to the hostility because of . . . membership in a protected class.").

6

* * *

We have considered all of Boyar's remaining arguments and find in them no basis for reversal.  Accordingly, we **AFFIRM** the judgment of the district court.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court