RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 20a0326p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

JEFFREY ALLEN MOHLMAN,

*Plaintiff-Appellant*,

*v.*

No. 20-3257

FINANCIAL INDUSTRY REGULATORY AUTHORITY;
SUSAN SCHROEDER; HEIDI BROWN,

*Defendants-Appellees*.

─────────────────

Appeal from the United States District Court
for the Southern District of Ohio at Dayton.
No. 3:19-cv-00154—Thomas M. Rose, District Judge.

Decided and Filed:  October 14, 2020

Before:  MERRITT, MOORE, and GIBBONS, Circuit Judges

─────────────────

## COUNSEL

**ON BRIEF:**  George A. Katchmer, Bloomingburg, Ohio, for Appellant.  Jeffrey T. Cox, Melinda K. Burton, Stephen A. Weigand, FARUKI PLL, Dayton, Ohio, for Appellees.

─────────────────

## OPINION

─────────────────

MERRITT, Circuit Judge.  This appeal involves an issue of first impression regarding the administrative procedure under the Securities Exchange Act, 15 U.S.C. § 78a *et seq.*  Plaintiff appeals the district court's dismissal of his complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim. Because Plaintiff failed to exhaust the administrative remedies under the Exchange Act,

we affirm the district court's dismissal of Plaintiff's complaint and do not address the merits of Plaintiff's arguments.

## I. Factual and Procedural Background

Plaintiff became a licensed securities professional in 2001. Defendant Financial Industry Regulatory Authority is a not-for-profit member organization organized and operating under the laws of the state of Delaware. Defendant Susan Schroeder is the Executive Vice President and Counsel of FINRA's Department of Enforcement, and Defendant Heidi Brown is the Associate Principal Investigator in FINRA's Department of Enforcement. FINRA is a self-regulatory organization that regulates practice in the securities industry and enforces disciplinary actions against its members.[1] Plaintiff was required to be a member of FINRA as a registered securities representative.

In 2012, Plaintiff became registered with Questar Capital Corporation, and had conversations with about six individuals concerning WMA Enterprises, Inc. According to the complaint, Plaintiff did not attempt to sell investments with WMA and did not receive compensation from WMA. Plaintiff learned in October 2014 that WMA was a Ponzi scheme and immediately informed all persons who had invested in WMA. FINRA commenced an investigation into Plaintiff that same year.

Although the date is unclear from the complaint, Plaintiff at some point appeared in New York for a full day of testimony as part of FINRA's investigation. A second day of testimony was scheduled for September 11, 2015. Instead of appearing for the second day of testimony, however, on September 17, 2015, Plaintiff signed a Letter of Acceptance, Waiver, and Consent. Plaintiff was represented by counsel, and both he and his counsel signed the Letter. Pursuant to the Letter, Plaintiff consented to a permanent bar from the securities industry, and FINRA agreed to refrain from filing a formal complaint against him. Additionally, Plaintiff waived his

---

[1]FINRA was formerly known as the National Association of Securities Dealers, Inc. In 2007, NASD acquired the member regulation, enforcement, and arbitration operations of the New York Stock Exchange and changed its corporate name to FINRA. *See Saad v. S.E.C.*, 718 F.3d 904, 907 (D.C. Cir. 2013) (noting that NASD is the predecessor of FINRA). This opinion refers to FINRA except where NASD appears in the unaltered language of another opinion or a case name.

procedural rights under FINRA's Code of Procedure and the Exchange Act, and agreed to "not take any position in any proceeding brought by or on behalf of FINRA, or to which FINRA is a party, that is inconsistent with any part of [the Letter]." FINRA notified Plaintiff on September 21, 2015, that FINRA's National Adjudicatory Council accepted the Letter.

Four years later, on April 26, 2019, Plaintiff filed a complaint in the Common Pleas Court of Montgomery County, Ohio, alleging that Defendants fraudulently avoided considering mitigating factors in administering the sanction against him, in violation of Article I, § 16 of the Ohio Constitution, and requesting $890,000 in damages. On May 24, 2019, Defendants removed the case to the United States District Court for the Southern District of Ohio.

Defendants filed a motion to dismiss on May 31, 2019, pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and, in the alternative, under Rule 12(b)(6) for failure to state a claim. On February 25, 2020, the district court granted Defendants' motion. This appeal followed.

## II. Analysis

Typically, we review de novo the dismissal of a complaint under Rule 12(b)(1) or Rule 12(b)(6). *Hohman v. Eadie*, 894 F.3d 776, 781 (6th Cir. 2018); *Nelson v. Miller*, 170 F.3d 641, 649 (6th Cir. 1999). This standard may also apply where a complaint is dismissed for failure to exhaust administrative remedies, although we have elsewhere suggested that the issue is one of discretion to be reviewed under the deferential abuse-of-discretion standard. *Compare F.C. v. Tennessee Dep't of Educ.*, 745 F. App'x 605, 608 (6th Cir. 2018) (de novo), *with Borman v. Great A. & P. Tea Co.*, 64 F. App'x 524, 529 (6th Cir. 2003) (abuse of discretion in an ERISA case). *See also Costantino v. TRW, Inc.*, 13 F.3d 969, 974 (6th Cir. 1994) (abuse of discretion applies to issue of exhaustion of administrative remedies, even though de novo review would ordinarily apply to review of summary judgment). We need not decide which standard applies because we would affirm the district court's dismissal even under the less forgiving de novo standard of review.

Plaintiff maintains that the Exchange Act does not provide the exclusive remedy for complaints arising from FINRA proceedings, and he may therefore seek relief under the Ohio

Constitution.   Plaintiff also asserts that FINRA is not immune from liability for its present actions, and that Art. 1, § 16 of the Ohio Constitution provides him a private right of action for damages.   Because we affirm the district court's dismissal for failure to exhaust administrative remedies, we do not address the remaining issues.

"The Securities Exchange Act of 1934 and its subsequent amendments create a detailed, comprehensive system of federal regulation of the securities industry.   The system's foundation is self-regulation by industry organizations established according to the guidelines of the Maloney Act."   *Swirsky v. Nat'l Ass'n of Sec. Dealers*, 124 F.3d 59, 61 (1st Cir. 1997).   FINRA is a national securities association registered with the SEC that provides self-regulation of the securities market.   15 U.S.C. § 78o-3.   The "comprehensive administrative review procedure appl[ies] to decisions rendered by self-regulatory organizations" such as FINRA.   *See PennMont Sec. v. Frucher*, 586 F.3d 242, 245 (3d Cir. 2009).

The FINRA Rules[2] and the Exchange Act provide three tiers of administrative review before a party may seek judicial review in a United States Court of Appeals.   First, an appointed Hearing Panel decides the dispute.   FINRA Rule 9213(a)–(b).   Second, following a decision from the Hearing Panel, a party may appeal to the National Adjudicatory Council pursuant to FINRA Rule 9311, which may affirm, modify, or reverse any sanction administered by the Hearing Panel.   FINRA Rule 9349(a).   Third, a party aggrieved by a decision of the National Adjudicatory Council may apply for SEC review.   15 U.S.C. § 78s(d)(2); FINRA Rule 9370. Finally, "a person aggrieved by a final order of the [SEC] . . . may obtain review of the order" in the relevant United States Court of Appeals.   15 U.S.C. § 78y(a)(1).

As the parties did here, FINRA may settle disciplinary actions against a person prior to bringing a formal complaint by entering into a Letter of Acceptance, Waiver and Consent. FINRA Rule 9216(a)(1).   Once the Letter is executed, it is submitted to the National Adjudicatory Council.   FINRA Rule 9216(a)(3).   If the National Adjudicatory Council accepts the Letter, like it did here, [R. 5-3 PageID# 146], the Letter is "deemed final and shall constitute the complaint, answer, and decision in the matter."   FINRA Rule 9216(a)(4).

---

[2]All FINRA Rules are approved by the SEC.   15 U.S.C. § 78s(b)(1).   The FINRA Rules are available at https://www.finra.org/rules-guidance/rulebooks/finra-rules.

It is a "long-settled rule of judicial administration that no one is entitled to relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50–51 (1938) (footnote omitted). "The central purpose of this doctrine is 'the avoidance of premature interruption of the administrative process.'" *Swirksy*, 124 F.3d at 62 (quoting *McKart v. United States*, 395 U.S. 185, 193 (1969)). The issue of whether this doctrine applies to proceedings under the Exchange Act has not before reached this Court. "We agree with other circuits that have considered the question that the 'comprehensiveness of the review procedure suggests that the doctrine of exhaustion of administrative remedies should be applied [to the Exchange Act] to prevent circumvention of established procedures.'" *Id.* (quoting *First Jersey Sec., Inc. v. Bergen*, 605 F.2d 690, 695 (3d Cir. 1979)); *see also Citadel Sec., LLC v. Chicago Bd. Options Exch., Inc.*, 808 F.3d 694, 699 (7th Cir. 2015); *Merrill Lynch v. NASD*, 616 F.2d 1363, 1370 (5th Cir. 1980); *Nassar & Co. v. SEC*, 566 F.2d 790, 792 n.3 (D.C. Cir. 1977).

Plaintiff did not exhaust his administrative remedies under the FINRA Rules and the Exchange Act. While Plaintiff waived his procedural rights when he executed the Letter, Plaintiff still could have applied for review by the National Adjudicatory Council and the SEC. *See* Bruce Zipper, Exchange Act Release No. 34-81788, 2017 WL 11433739 (Sep. 29, 2017) ("We dismiss Zipper's application for review because Zipper's [Letter] contains a valid and enforceable appellate waiver . . . ."). Plaintiff instead curiously filed suit in State court four years after executing the Letter, requesting damages for FINRA's alleged fraudulent failure to consider mitigating factors.[3] [R. 4]

Plaintiff cites to *Saad v. S.E.C.*, 718 F.3d 904 (D.C. Cir. 2013), for the proposition that we may set aside the final decision because FINRA did not consider mitigating factors in sanctioning him to a lifetime bar from the securities industry. [Pl.'s Br. at 8] While the *Saad* court emphasized the importance of considering mitigating factors in administering sanctions, the plaintiff there filed a petition in the United States Court of Appeals for the District of

---

[3]Pursuant to its Sanction Guidelines, FINRA is required to consider aggravating and mitigating factors when determining sanctions against its members. *See* SANCTION GUIDELINES (2019), *available at* https://www.finra.org/rules-guidance/oversight-enforcement/sanction-guidelines.

Columbia after appealing to the National Adjudicatory Council and petitioning the SEC for review. *Id.* at 906, 913. Thus, the plaintiff in *Saad* followed the administrative procedure under the Exchange Act, which Plaintiff did not do here. *Saad* is therefore inapposite.

Plaintiff failed to exhaust the available administrative remedies. Whether his failure to exhaust administrative remedies constituted a jurisdictional bar—as opposed to noncompliance with a non-jurisdictional rule—is a question we need not answer. *See generally Avocados Plus Inc. v. Veneman*, 370 F.3d 1243, 1247–49 (D.C. Cir. 2004) (exhaustion can be jurisdictional or non-jurisdictional). Even if the requirement is non-jurisdictional here, Plaintiff forfeited any argument in favor of an exception that might have applied by failing to raise it before the district court.[4] *See id.* at 1247 (non-jurisdictional exhaustion can be excused but "[i]f the statute does mandate exhaustion, a court cannot excuse it."); *First Jersey*, 605 F.2d at 696–700 (analyzing exceptions to the exhaustion rule in a challenge to FINRA disciplinary action). Because we conclude that Plaintiff failed to exhaust the available administrative remedies, we do not address the merits of the case. *See Citadel Sec., LLC*, 808 F.3d at 701 (affirming the district court's dismissal for failure to exhaust administrative remedies and not addressing the merits of absolute immunity, lack of private right of action, or failure to state a claim).

### III. Conclusion

For the foregoing reasons, we **AFFIRM**.

---

[4]We acknowledge that other circuits have labeled the exhaustion requirement "jurisdictional" in the context of challenges to FINRA disciplinary proceedings. *See, e.g.*, *Swirsky*, 124 F.3d at 62; *First Jersey*, 605 F.2d at 700. However, that practice began before the Supreme Court's recent observations that courts—including the Supreme Court—have traditionally been too quick to use that term to describe inflexible rules that are not truly jurisdictional. *See, e.g.*, *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 510 (2006) ("'Jurisdiction,' this Court has observed, 'is a word of many, too many, meanings.' This Court, no less than other courts, has sometimes been profligate in its use of the term.") (quoting *Steel Co. v. Citizens for Better Env't,* 523 U.S. 83, 90 (1998)); *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004) ("Clarity would be facilitated if courts and litigants used the label 'jurisdictional' not for claim-processing rules, but only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority."). It is unclear whether the exhaustion requirement applicable in this case is properly considered jurisdictional, and we decline to make that determination here, where we need not and the parties have not briefed the issue. *Cf. Hoogerheide v. IRS,* 637 F.3d 634, 636 (6th Cir. 2011) ("In the aftermath of *Arbaugh,* it no longer is appropriate to treat the exhaustion requirements for bringing a § 7433 claim as jurisdictional. Mandatory though the exhaustion requirement in § 7433(d) may be, it is not jurisdictional.").