NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0047n.06

No. 22-3449

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

ZACHARY P. REYNOLDS,

  Plaintiff-Appellant,

v.

FRANK KENDALL III, Secretary of the United
States Air Force; AMANDA SMITH, In her personal
and professional capacities; JEFFREY
FREDERICK, In his personal and professional
capacities; LISETTE LEDUC, In her personal and
professional capacities; JOSEPH LEISING, In his
personal and professional capacities; UNITED
STATES OF AMERICA,

  Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

FILED
Jan 20, 2023
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF OHIO

OPINION

Before: BUSH, LARSEN, and MATHIS, Circuit Judges.

LARSEN, Circuit Judge. Zachary Reynolds is a disabled former employee of the United

States Air Force. He claims that his supervisors retaliated against him after he reported them for

promoting gambling activities in violation of Air Force regulations. Consequently, he sued them

under the Whistleblower Protection Act, the Rehabilitation Act, and the Federal Tort Claims Act.

The district court dismissed his claims. Reynolds appeals, and we AFFIRM.

I.

Zachary Reynolds worked as a civilian Air Force employee at the Air Force Research

Laboratory (AFRL Contracting) at Wright-Patterson Air Force Base in Ohio until November 2020,

when he took a new job with the Environmental Protection Agency. Because of an injury Reynolds

sustained in a car accident, the Air Force offered him limited work accommodations from 2004 to

2017. These accommodations included giving him extra time to complete his work, excusing him from tasks involving fine motor skills, and providing him with employee assistance for manual office tasks. Reynolds received satisfactory, and sometimes even glowing, performance appraisals for much of his Air Force career, and he was awarded Mentor of the Quarter in the fourth quarter of 2016. Reynolds claims, however, that this all changed in late 2017 after he emailed an AFRL Contracting manager, complaining that his office's regular gambling-related activities violated Air Force regulations. In particular, Reynolds pointed to an August 18, 2017 email from a supervisor announcing an office-wide going-away party at a nearby casino as well as several emails from another supervisor, Amanda Smith, promoting the sale of raffle tickets. As a result of Reynolds's complaint, the manager cancelled the casino event and told Reynolds that the use of raffles for fundraising would end.

Reynolds alleges that the cancellation of these events led his supervisors to engage in a pattern of "retaliatory behavior" that lasted for years. This behavior included, among other things, verbally admonishing him for the email he sent to the contracting manager, excluding him from office events, mocking his disability, and directing employees to stop helping him with fine motor tasks. In addition, in February 2018, Reynolds forgot his identification card at his desk, and Smith drafted a letter threatening Reynolds with termination if he forgot his card again. In response, Reynolds filed a grievance through the Negotiated Grievance Procedure in the Air Force Material Command Master Labor Agreement. His grievance requested the removal of the letter from his file, explained that another employee had received no reprimand even though he also left his badge at his desk, and requested a transfer out of Smith's department. Joseph Leising, Smith's boss, denied the grievance, and Reynolds appealed. Lisette Leduc, an Air Force manager, granted

Reynolds partial relief on appeal: the reprimand letter was removed from Reynolds's file, though Leduc denied his requested transfer.

In May 2018, Reynolds requested telework and sick leave to accommodate his disabilities. A new supervisor, Jeffrey Frederick, denied this accommodation. In 2018, Reynolds also applied for a promotion, but Smith refused to hold preparation sessions with him, even though she did so for other employees; Reynolds was ultimately denied the promotion. In November 2018, one of Reynolds's job duties "w[as] taken away," which he alleges was retaliatory. Reynolds also alleges that around this time his supervisors "conspired to omit key appraisal data" from his personnel file in an "on-going intentional effort" to deprive him of his protected interest in his federal employment. Around December 2018, after learning that Reynolds was transferring to another office, Frederick finally approved Reynolds's disability requests. In July 2019, Frederick also adversely manipulated Reynolds's appraisal. In November 2019, Reynolds requested expanded telework in the winter months to accommodate his disability. According to Reynolds, the Air Force requested "an onerous list of medical information" but never approved his request.

Seeking redress for this allegedly retaliatory conduct, Reynolds filed a Federal Tort Claims Act (FTCA) claim on December 11, 2019, which the Air Force acknowledged on January 10, 2020. At this time, he also filed a complaint with the Air Force's Equal Employment Opportunity Office (EEO) at Wright-Patterson Air Force Base. The EEO investigation concluded with a final agency decision issued on March 26, 2020. The final decision dismissed Reynolds's claims for failing to submit them within 45 days of the alleged retaliatory conduct. Reynolds first contacted the EEO counselor on December 11, 2019, but his complaint referenced only "actions that date back to August 2017 and the appraisal action produced in July 2019." Reynolds did not raise his November 2019 request for expanded telework in the EEO complaint.

After the EEO dismissed his complaint, Reynolds brought this lawsuit in federal court, alleging that the Air Force, Smith, Frederick, Leduc, and Leising violated the Rehabilitation Act, the FTCA, and the Whistleblower Protection Act. The district court substituted the United States for the individual defendants, and the United States then moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Reynolds also moved for fees and costs for failure to waive service and to substitute defendants Smith and Frederick as defendants in their individual capacities. The district court dismissed all of Reynolds's claims. Reynolds appeals the dismissal of his claims under the Rehabilitation Act and FTCA and the denial of his motions for fees and costs and to substitute defendants.[1]

II.

We typically review a district court's dismissal of a claim under Rule 12(b)(1) or 12(b)(6) de novo. *Mohlman v. Fin. Indus. Regul. Auth.*, 977 F.3d 556, 558 (6th Cir. 2020). "This standard may also apply where a complaint is dismissed for failure to exhaust administrative remedies," though we have at times suggested that the more deferential abuse-of-discretion standard should govern. *See id.* at 558–59 (citing conflicting caselaw). We need not decide this question here because even applying de novo review, we would affirm the district court.

A.

Reynolds first argues that the district court erred by dismissing his Rehabilitation Act claims for failure to exhaust administrative remedies. "Timely contact with an EEO counselor is an administrative remedy that a federal employee must invoke before he may bring a claim of

---

[1] Reynolds's reply brief asserts that he is appealing the district court's denial of his Whistleblower Protection Act claim as well. But his opening brief did not identify this claim as an issue for appeal. Appellants "cannot raise new issues in a reply brief," so this claim is abandoned. *United States v. Campbell*, 279 F.3d 392, 401 (6th Cir. 2002) (quoting *United States v. Crozier*, 259 F.3d 503, 517 (6th Cir. 2001)).

employment discrimination in federal district court" under the Rehabilitation Act. *Horton v. Potter*, 369 F.3d 906, 910 (6th Cir. 2004) (citing *Benford v. Frank*, 943 F.2d 609, 612 (6th Cir. 1991)). A plaintiff who fails to "initiate contact" with an EEO counselor within 45 days of an allegedly discriminatory event has failed to exhaust. *See* 29 C.F.R § 1614.105(a)(1).

Reynolds did not contact an EEO counselor in time. Reynolds filed his EEO complaint on December 11, 2019, alleging that defendants rescinded his reasonable accommodations by rolling back accommodations for his disability, denying him a promotion in 2018, and misrepresenting his performance reviews between February 2018 and July 2019. The last act alleged to support his first Rehabilitation Act claim thus occurred in July 2019, more than 45 days before he filed his EEO complaint. So Reynolds failed to exhaust his first Rehabilitation Act claim. Reynolds's second Rehabilitation Act claim is "predicated upon the Air Force's continued . . . denial of his request for telework as an accommodation of his disability" from November 2019 through December 2020. Reynolds did not present these issues anywhere in his EEO complaint, however, so this claim is likewise unexhausted.

Reynolds claims that he exhausted administrative remedies by complaining "verbally and in writing, to many managers, over many years" about the alleged retaliatory conduct. But the regulations required him to complain to an EEO counselor, not his managers. *See* 29 C.F.R § 1614.105(a)(1).

Reynolds alternatively argues that even if he failed to exhaust administrative remedies, defendants waived the "untimeliness defense." While Reynolds is right that this defense can be waived, it was not waived here. *See Mitchell v. Chapman,* 343 F.3d 811, 819–20 (6th Cir. 2003). "[W]aiver occurs when the agency decides the complaint on the merits without addressing the untimeliness defense." *Potter*, 369 F.3d at 911. Here, the agency investigated Reynolds's claims,

and dismissed them for untimeliness under 29 C.F.R § 1614.107(a)(2). Thus, the agency squarely addressed the untimeliness defense when it issued its decision. *See Potter*, 369 F.3d at 911. Reynolds nonetheless argues that the agency waived the untimeliness defense by "providing express written consent to be haled into District Court." The agency did no such thing. He references boilerplate language appended to the final agency decision informing employees that they may file a civil action in a U.S. District Court within 90 days after receiving the Commission's final decision. That language does not waive the timely exhaustion requirement; instead, it merely informs employees of their appeal rights after a final agency decision is issued, as required by 29 C.F.R. § 1614.110(b).

Reynolds's other arguments fail as well. First, he contends that initiating a grievance under the Master Labor Agreement tolls the 45-day EEO notice requirement. He cites no caselaw to support this proposition, and since we are aware of none, this argument fails. Next, Reynolds argues that his "[f]ailure to exhaust administrative remedies" was excusable because it would have been futile. He cites *United States v. Hunt*, 459 F. Supp. 3d 932, 936 (E.D. Mich. 2020) and *Bishop v. Oakstone Acad*emy, No. 06–CV–404, 2007 WL 641857, at *3 (S.D. Ohio Feb. 27, 2007) to support this proposition. But these cases do not bind us, nor do they recognize a futility exception to the Rehabilitation Act's exhaustion requirement. *See Hunt*, 459 F. Supp. 3d at 936–37 (addressing the futility exception for the compassionate release of a prisoner); *Bishop*, 2007 WL 641857, at *3 (analyzing the futility exception for a claim under the Individuals with Disabilities Education Act). Moreover, even if we were to recognize such an exception, Reynolds would not qualify for it. Reynolds argues that further engagement with his managers, Frederick and Smith, would have been futile since they did not change their behavior after Reynolds complained to them. But Reynolds would need to show the futility of further engagement with the *EEO*, not his

managers, to avail himself of any futility exception. *See e.g., Wilson v. MVM, Inc.*, 475 F.3d 166, 176 (3d Cir. 2007) (requiring plaintiffs to make a "clear and positive showing" that exhausting administrative remedies with the agency would be futile). Reynolds next claims that administrative exhaustion was moot once he started working at EPA in late 2020. He does not explain, however, how his move to EPA made it futile for him to present his claims to an EEO counselor when those claims arose from conduct that began in August 2017. *See id.* Thus, Reynolds's futility argument also fails.

### B.

Reynolds next challenges the district court's dismissal of his FTCA claims. The district court dismissed these claims for two independent reasons: that Reynolds had failed to exhaust administrative remedies; and that, in any event, FTCA claims are preempted by the Rehabilitation Act and the Civil Service Reform Act. On appeal, Reynolds challenges only the district court's first reason for dismissal. By not addressing the alternative, and independent, ground for dismissing his claim, Reynolds has forfeited any challenge to dismissal of his FTCA claim. *See White Oak Prop. Dev., LLC v. Washington Twp.*, 606 F.3d 842, 854 (6th Cir. 2010) (holding that the appellant forfeited "its appeal of the district court's dismissal of its claim" when it challenged only one ruling and ignored the district court's alternative ruling that a second rationale "independently required dismissal of its claim").

### C.

Finally, Reynolds challenges the district court's denial of his motion to restore Smith and Frederick as defendants in their personal capacities and his motion for fees and costs. The district court denied both motions as moot. On appeal, Reynolds argues the merits of those motions but does not challenge the district court's holding that these motions were rendered moot by the

dismissal of the case. His failure to contest this dispositive issue forfeits any challenge to the district court's rulings. *See id.*

* * *

For the foregoing reasons, we AFFIRM the district court's judgment.